**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**STEVEN M. SATHER, and KATHLEEN M. SATHER,**

Plaintiffs,

**v.**

**STEVEN J. WEINTRAUT; and SIEGEL, BRILL, GREUPNER, DUFFY & FOSTER, P.A., a Minnesota corporation,**

Defendants.

Civil File No. 01-1370 (JEL/JGL)

**O R D E R**

---

APPEARANCES

Eric L. Crandall, Esq., for Plaintiffs.

Clinton Scott Bogden, Esq., for Defendants.

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on June 25, 2002 on Defendants' Motion for Order to Show Cause Why This Case Should Not be Dismissed (Doc. No. 19). The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

## I. FACTS

This case arises under Fair Credit Reporting Act. Plaintiffs claim that Defendants unlawfully accessed and disseminated Plaintiffs' credit reports. In the instant motion, Defendants argue that dismissal is appropriate because Plaintiffs have failed to comply with a court order requiring Plaintiffs to respond to Defendants' outstanding discovery requests by June 4, 2002. At the motion hearing, Defendants also requested their attorneys' fees associated with bringing the instant motion.

## II. DISCUSSION

Defendants have filed a motion for an order to show cause why the instant action should not be dismissed. An order to show cause is defined as "a court order . . . [requiring a party] to present to the court such reasons and considerations as one has to offer why a particular order, decree, etc., should not be confirmed, take effect, [or] be executed." Black's Law Dictionary 1379-80 (6th ed. 1990). An order to show cause is different from an order for dismissal which can be issued as a sanction against a party who engages in "dilatory and contumacious [discovery] conduct . . . in the face of warnings from the district court." Keefer v. Provident Life & Accident Ins. Co., 238 F.3d 937, 941 (8th Cir. 2000); Fed. R. Civ. P. 37(b)(2)(C).

A motion to dismiss is a dispositive motion. This Court may hear dispositive motions only by referral from a district court judge. See 28 U.S.C. § 636(b)(1)(B); D. Minn. LR 72.1(c)(1). No such referral exists in this case.

**A. Motion for Order to Show Cause**

Although Defendants argue their motion as if it is a motion to dismiss, the fact remains that the motion before the Court is actually a motion for an order to show cause. It is that motion which the Court will address.

Plaintiffs state that the case should not be dismissed because Plaintiffs were not purposely dilatory in responding to the outstanding discovery requests. Rather, Plaintiffs state that they were merely exercising a "reciprocal one-time twenty-five day extension" negotiated by the Parties when Defendants were late in filing their answer. (Crandall Aff. ¶¶ 7, 9.) In fact, on June 24, 2002 Plaintiffs produced documents responsive to Defendants' outstanding discovery requests.[1] Defendants do not rebut the existence of the one-time extension.

---

[1]At the motion hearing, Defendants indicated that these responses were deficient. Such arguments are properly addressed in a motion to compel, and will not be addressed here.

In light of these facts, this part of Defendants' motion is denied as moot. Plaintiffs have presented their reasons why they feel the sanction of dismissal is inappropriate in this case. An order requiring such an explanation is no longer necessary.[2]

**B. <u>Sanctions</u>**

Defendants served Plaintiffs with their first discovery requests on March 22, 2002. (Bogden Aff. Ex. A, B, C.) Responses were due April 24, 2002. (Bogden Aff. Ex. D.) Plaintiffs never responded to these discovery requests. After attempting to work out the dispute, Defendants filed a motion to compel discovery. On the morning of the motion hearing, Plaintiffs faxed a letter to the Court stating that they did not oppose the motion or the relief sought. (Doc. No. 18.) Therefore, the Court signed Defendants' proposed order requiring responses to the discovery requests by June 4, 2002. (Doc. No. 17.) Plaintiffs never responded to those requests. When Plaintiffs again failed to participate in discovery, Defendants filed their motion for an order to show cause why the case should not be dismissed.

Plaintiffs' opposition to Defendants' motion was faxed directly to the Court on the morning of the motion hearing. This response explains that Plaintiffs intended to exercise their "twenty-five day extension" in

---

[2]Nothing in this Order prevents Defendants from filing a motion to dismiss with the trial court, if they feel it is appropriate.

conjunction with the outstanding discovery requests. However, the opposition does not indicate why Plaintiffs failed to comply with the Court's Order in a timely fashion. Rather, Plaintiffs admit that they did not respond to Defendants' discovery requests until Defendants filed the instant motion. (Crandall Aff. ¶9.) It was at that point that Plaintiffs notified Defendants of their intention to exercise the extension. (Id.) Plaintiffs finally produced over 1000 pages of documents on June 24, 2002. (Crandall Aff. ¶ 10.)

First, the Court notes that Plaintiffs' opposition to Defendants' motion was not filed in compliance with our Local Rules. The rules require that responses to nondispositive motions be field "at least 7 days prior to the hearing." D. Minn. LR 7.1(a)(2). Had the opposition papers been filed in a timely manner, thus opening the lines of communication between the Parties, the motion hearing may have been avoided all together. The same can be said of Plaintiffs' faxed response to Defendants' original motion to compel discovery. That response was received an hour before the motion hearing began.

Second, Plaintiffs' Counsel never informed Defendants of his intention to exercise his twenty-five day extension until after Defendants filed the instant motion. At the motion hearing, Plaintiffs' Counsel admitted that it took him "too long" to gather responsive documents and that he should have asked for an extension from Plaintiffs. There is no indication

that Defendants were unwilling to work with Plaintiffs on these deadlines. On the contrary, the evidence indicates that Defendants were willing to work with Plaintiffs to secure discovery responses after they were originally due. (Bogden Aff. Ex. D.)

This Court does not often award sanctions. However, in this case Plaintiffs' Counsel has demonstrated a lack of communication skills which cannot be ignored. Had Plaintiffs' Counsel merely explained why the original discovery responses were late, perhaps the Parties could have worked out the problem. Likewise, had Plaintiffs' Counsel informed Defendants that he was exercising his twenty-five day extension, the Parties may have reached a reasonable compromise on the production of responsive documents.

There is no indication that the late discovery responses are the fault of Plaintiffs. Rather, all indications are that the late responses and lack of communication is solely the fault of Plaintiffs' Counsel. Counsels' failure to extend simple courtesies and communicate in a timely manner has resulted in two fully briefed and argued motions. Defendants deserve to be compensated for the time their attorneys worked on these motions.[3] Accordingly, this part of Defendants' motion is granted and Plaintiffs'

---

[3] At the motion hearing, Defendants' Counsel stated that his fees were $135.00 an hour for seven hours of work.

Counsel must pay Defendants' attorneys' fees associated with bringing the instant motion.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED:**

(1) Defendants' Motion For Order to Show Cause Why This Case Should Not be Dismissed (Doc. No. 19) is **DENIED AS MOOT**; and

(2) Plaintiffs' Counsel Eric L. Crandall must pay Defendants' attorneys' fees in the amount of $945.00 by August 8, 2002.

Dated: July 8, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge