UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Steven A. Sather and Kathleen M. Sather,

Plaintiffs,

v.

Civ. No. 01-1370 (JNE/JGL)
ORDER

Steven J. Weintraut and Siegel, Brill, Greupner, Duffy & Foster, P.A.,

Defendants.

By Order of July 10, 2003, the Court granted in part and denied in part a Motion for Summary Judgment by Steven Weintraut, and his law firm, Siegel, Brill, Greupner, Duffy & Foster, P.A. (collectively, Defendants). The case is before the Court on Steven and Kathleen Sather's Rule 60(b) Motion. For the reasons set forth below, the Court denies the motion.

Federal Rule of Civil Procedure 60(b) provides in relevant part: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding . . . ." The advisory committee notes explain the significance of the word "final" in the rule:

> The addition of the qualifying word "final" emphasizes the character of the judgments, orders or proceedings from which Rule 60(b) affords relief; and hence interlocutory judgments are not brought within the restrictions of the rule, but rather are left subject to the complete power of the court rendering them to afford such relief from them as justice requires.

Fed. R. Civ. P. 60 advisory committee's note (1946 amendment). Here, the Order granting in part and denying in part Defendants' Motion for Summary Judgment is not final. *See* Fed. R. Civ. P. 54(b). Consequently, Rule 60(b) is not appropriately invoked by the Sathers and the Court denies their motion.

FILED JAN 14 2004
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTERED
DEPUTY CLERK'S INITIALS

The Court nevertheless construes the Sathers' motion as a request for permission to file a motion to reconsider. The Local Rules of the United States District Court for the District of Minnesota set forth the procedure by which a party may file such a motion:

> Motions to reconsider are prohibited except by express permission of the Court, which will be granted only upon a showing of compelling circumstances. Requests to make such a motion, and responses to such requests, shall be made by letter to the Court of no more than two pages in length, a copy of which must be sent to opposing counsel.

D. Minn. R. 7.1(g). Because the Sathers have not demonstrated compelling circumstances that would warrant reconsideration, the Court denies their request for permission to file a motion to reconsider.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. The Sathers' Rule 60(b) Motion [Docket No. 59] is DENIED.

2. The Sathers' request for permission to file a motion to reconsider is DENIED.

Dated: January 13, 2004

JOAN N. ERICKSEN
United States District Judge