**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Steven A. Sather and Kathleen Sather, Court File No.: 01-CV-1370 (JNE/JGL)

Plaintiffs,

v. **DEFENDANTS' TRIAL BRIEF**

Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,

Defendants.

---

## I. <u>INTRODUCTION</u>

Mr. Steven Weintraut is a shareholder at the law firm Siegel, Brill, Greupner, Duffy and Foster, P.A. Mr. Steven Sather is a contractor. Mr. Weintraut's clients (Keith and Linda Wanke) hired Mr. Sather to put an addition on their home. Mr. Sather botched the job. He also failed to pay some of his subcontractors, who then put a lien on the Wankes' home.

The Wankes hired Mr. Weintraut to sue Defendants. The Wankes prevailed, but could not collect on the judgments.

On August 24, 2000, the Defendants filed an application for recovery from the Minnesota Contractor's fund. The application contained information about the Sathers' personal finances – information that was inadvertently obtained.

One week later, the Sathers objected. Although Mr. Weintraut disagreed with the Sathers' contention that the Fair Credit Reporting Act ("FCRA") had been violated, he

acted in good faith and withdrew the information from the public record. The financial information remained on file with the Department of Commerce and the Court for a mere two weeks. And yet the Sathers brought this action.

The Court has already determined that the Sathers have sustained no actual compensable damage. The only issue left to be determined is whether Mr. Weintraut acted willfully. Since the Defendants did not knowingly or intentionally violate the FCRA, they will prevail.

## II. FACTS

### A. Background.

This case arises from Seigel, Brill's representation of Linda and Keith Wanke in a lawsuit venued in Hennepin County captioned *Keith and Linda Wanke v. Sather Design/Build Inc., d/b/a Sather Room and Additions*, Court File Number CT 99-001343. The Wankes hired Sather Design/Build to construct a family room at their home.[1] Sather failed to satisfy mechanic liens as the construction progressed and he botched the job – the work was defective and incomplete. Sather refused to remedy the problems, so the Wankes retained the Defendants and sued. On January 7, 2000, a jury returned a verdict for $7,000 in the Wankes' favor.[2] The Wankes were also awarded costs of $4,117.15.

---

[1] The sole shareholder of Sather Design/Build is Kathleen Sather. Sather Design/Build's sole employee is Steve Sather.

[2] This verdict was for the defective construction claim. The mechanic's lien claim was settled when Sather Design Build paid the lien that had been filed by C.H. Carpenter Lumber.

Accordingly, judgment was entered in the amount of $11,167.48. The Wankes also obtained an additional judgment for $6,000 in attorney fees.

**B. Collection Efforts.**

On February 18, 2000, Defendant Steven Weintraut instructed his staff that Sather Design/Build was the only party to pursue in collection. He reiterated this to his staff on May 30, 2000, when he instructed them not to attempt to collect from Steven Sather or Kathleen Sather individually – and again on June 2, 2000.

**C. Application for Payment from the Contractor's Recovery Fund.**

The Sathers refused to pay the judgment voluntarily. Accordingly, the Wankes pursued from the Contractors Recovery Fund.

Seigel, Brill served the Wankes' application to recover from the fund on August 24, 2000.[3] Seven days later, Seigel, Brill received a letter from Blake Nelson, the attorney representing Sather Design/Build and the Sathers in the Wanke litigation. Mr. Nelson said that the Sathers objected to the inclusion of their financial information in the application and that the Defendants had violated the FCRA.

Although Mr. Weintraut and his firm disagreed, they simply withdrew the application. Thus, a mere thirteen days after the original application had been filed –five days after receipt of Mr. Nelson's letter – Seigel, Brill retrieved the original application.

---

[3] The Wankes had an affirmative duty to "diligently pursue[ ] remedies against all the judgment debtors and all other persons liable to that person in the transaction for which that person seeks recovery from the . . . recovery fund." Minn. Stat. § 82.34 Subd. 8(f). The applicant also had the duty to make searches for any asset "liable to be sold or applied in satisfaction of the judgment." Id. at (d). Both the Commissioner and the debtor had the right to defend against the application. Id. at Subd. 10.

The application for recovery from the contractor's fund was withdrawn entirely when Sather Design/Build issued a check for the entire amount sought by the application.

**D. Offer of Judgment.**

In October 2000, early in this dispute, Defendants made an offer of $2,000 to settle the matter. Plaintiffs rejected the offer and instead, on July 27, 2001, served a complaint. On March 22, 2002, the Defendants made a Rule 68 Offer of Judgment for $2,000. The Plaintiffs rejected the offer.

**E. Summary Judgment.**

After failed attempts at settlement, the Defendants brought a motion for summary judgment requesting dismissal of the suit in its entirety or, alternatively, requesting summary judgment on the plaintiffs' claim for punitive damages, actual damages, statutory damages, and the request for attorney's fees. This Court granted the motion in part and denied it in part.

The Order dated July 10, 2003 granted summary judgment on the issue of actual damages noting "the lack of evidence supporting the Sathers' claims for damages based on loss of business and reputation, impairment of access to credit, and emotional distress." But the Court also held that "there is genuine issue of material fact as to whether Defendants willfully failed to comply with the FCRA." Accordingly, two issues remain in dispute: (1) did the Defendants willfully violate the FCRA? and (2) are statutory and punitive damages appropriate?

## III. LEGAL ARGUMENT

### A. DEFENDANTS DID NOT WILFULLY OR KNOWINGLY VIOLATE THE FAIR PERSONAL INFORMATIONING ACT.

"The Act's 'use of the word 'willfully' imports the requirement that the defendant knows his or her conduct is unlawful.'" July 10 Order (citing Phillips v. Grendahl, 312 F.3d 357, 368 (8th Cir. 2002)). In order to establish a "willful" violation, the Plaintiffs "must show that the defendant[s] 'knowingly and intentionally committed an act in conscious disregard for the rights of others,'" Bakker v. McKinnon, 152 F.3d 1007, 1013 (8th Cir. 1998). To establish a "knowing" violation of the FCRA, the Plaintiffs must prove that the Defendants obtained a consumer report with reason to believe the purpose was impermissible. Korotki v. Attorney Services Corp., 931 F. Supp. 1269, 1276 (D. Md. 1996).[4]

There is no evidence that Defendants intentionally obtained a consumer report in violation of the FCRA.

---

[4] A consumer report is, of course, "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes, or (2) employment purposes, or (3) other purposes authorized under section 1681b of this title." 15 U.S.C. § 1681a(d). "Whether a personal information report is a consumer report does not depend solely upon the ultimate use to which the information contained therein is put, but instead, it is governed by the purpose for which the information was originally collected in whole or in part by the consumer reporting agency." Bakker at 1012.

## B. DEFENDANTS WILL BE ENTITLED TO A JUDGMENT AS A MATTER OF LAW.

The Federal Rules of Civil Procedure provide the means by which the trial court may enter judgment in favor of one of the parties.

> If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issues.

FED. R. CIV. P. 50(a)(1).

A trial court should grant a motion for judgment as a matter of law where the evidence presented is insufficient to create a fact question for the jury. Reeves v. Sanderson Plumbing Prods., Inc., 530 U.S. 133, 120 S. Ct. 2097; 147 L. Ed. 2d 105 (2000); Weisgram v. Marley Co., 528 U.S. 440, 120 S. Ct. 1011, 145 L. Ed. 2d 958 (2000). When it appears upon examination of the evidence that the situation presents only a question of law, an application of law to undisputed, conceded or admitted facts, or a determination of the law as to the existence of the claim or defense, it is not only the function but the duty of the court to grant judgment as a matter of law upon a proper motion being made. Chicago, M&SPR Co. v. Coogan, 271 U.S. 472, 770 L. Ed. 1041, 46 S. Ct. 564 (1926).

"[I]t is the province of the court to direct the jury in the right discharge of their duty even to the extent of directing their verdict, where the insufficiency or conclusive character of the evidence warrants such a direction." Slocum v. New York Life Ins. Co., 228 U.S. 364, 57 L. Ed. 879, 33 S. Ct. 523 (1913). A directed verdict is a device to save

the time and trouble involved in a length jury determination. Martin v. Erie-Lackawanna R. Co., 388 F.2d 802, 804 (6th Cir. 1968).

Plaintiffs will be unable to provide evidence necessary to prove the Defendants willfully violated the FCRA. Therefore, Defendants will be entitled to judgment as a matter of law.

**C. PLAINTIFFS ARE NOT ENTITLED TO PUNITIVE DAMAGES, BUT IF PUNITIVE DAMAGES ARE AWARDED, THEY SHOULD BE MINIMAL.**

In the event punitive damages are awarded, they should be minimal. If statutory damages are awarded, the maximum award would be $2,000.00 -- $1,000.00 to Steven Sather and $1,000.00 to Kathleen Sather. While there is no bright-line ratio for the appropriate amount of punitive damages, the U.S. Supreme Court recently noted that "few awards exceeding a single-digit ratio between punitive and compensatory damages, to a significant degree, will satisfy due process." State Farm Mut. Auto. Ins. Co. v. Campbell, 123 S. Ct. 1513, 1524 (2003). The Court continued noting that "more than four times the amount of compensatory damages may be close to the line of constitutional impropriety." Id. (citing Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 23-24 (1991)). "Single-digit multipliers are more likely to comport with due process, while still achieving the State's goals of deterrence and retribution." Id. Applying these principles and the maximum single-digit multiplier, the maximum amount of punitive damages awarded to the Plaintiffs which due process would bear is likely $8,000.00 total.

**D. ANY ATTORNEY FEES PLAINTIFFS MAY BE ENTITLED TO SHOULD BE LIMITED BY THE PRIOR SETTLEMENT OFFERS REJECTED BY PLAINTIFFS.**

The Plaintiffs' complaint seeks an award of reasonable attorney fees under the FCRA. Under the FCRA, reasonable attorney fees are awarded to any successful action to enforce liability under this section. Nagle v. Experian Information Solutions, 297 F.3d 1305, 1306 (11th Cir. 2002). A successful action under the FCRA requires that the plaintiff receive something beyond mere entry of judgment -- plaintiff must be awarded damages. Id. at 1306-07. Therefore, if Plaintiffs are not awarded damages, they should not be entitled to attorney fees.

Furthermore, in October 2000, Defendants made an offer to settle this matter. In addition, on March 22, 2002, the Defendants made a Fed. R. Civ. P. 68 Offer of Judgment which was rejected by the Defendants. Sathers' right to attorney fees should be limited by their rejection of the October 2000 offer or by the Fed. R. Civ. P. 68 Offer of Judgment. To the extent the Plaintiffs are awarded damages, recovery of attorney fees should be limited, so long as the award amount is below the Rule 68 offer, the Court should limit the attorney fees and costs to the amounts incurred before the Rule 68 Offer of Judgment. Bumgardner v. Lite Cellular, Inc., 996 F. Supp. 525 n.4 (E.D. Va. 1998).[5]

---

[5] In considering the amount of reasonable attorney fees and costs potentially available to Plaintiffs, the Court should also take into consideration that the Defendants offered to settle this dispute prior to the Plaintiffs instigating formal legal action for the amount of $2000 on October 13, 2000. The Defendants also gave notice at that time that the offer was meant to serve as a full and final settlement intended to cut off any attorney fees the Plaintiffs may attempt to claim.

## IV. CONCLUSION

Defendants did not willfully violate the FCRA. Therefore, Plaintiffs are not entitled to statutory damages, punitive damages or attorney fees.

Respectfully Submitted,

Dated: June 27, 2005

_s/Thomas E. Propson_______________

**THOMAS E. PROPSON** (#231046)
**JAMIE L. SATHER** (#323391)
**MEAGHER & GEER, PLLP**
33 South Sixth Street
Suite 4200
Minneapolis, Minnesota 55402
(612) 338-0661

*Attorneys for the Defendants*

1235030v1