UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Steven A. Sather and Kathleen Sather,

Plaintiffs,

v.

Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,

Defendants.

Court File No.: 01-CV-1370 (JNE/JGL)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE EVIDENCE OF PLAINTIFFS' ALLEGED EMOTIONAL DISTRESS, MENTAL ANGUISH AND THE LIKE**

---

To: Plaintiffs Steven A. Sather and Kathleen Sather and their attorneys, Thomas Lyons, Jr., Esq., Thomas Lyons & Associates, P.A., 342 East County Road D, Little Canada, MN 55117.

## INTRODUCTION

Defendants make this Motion in Limine to preclude Plaintiffs from testifying about, introducing any evidence regarding, and arguing their emotional distress, mental anguish or any facts pertaining to their feelings in response to the allegations against the Defendants. This Court, in its July 10 Order, has already determined that Plaintiffs failed to prove they sustained actual compensable damages "based on loss of business and reputation, impairment of access to credit, and emotional distress." Any arguments or evidence regarding such would be irrelevant, unfairly prejudicial, and inadmissible.

The only remaining issues for trial are whether Defendants willfully violated the Fair Credit Reporting Act ("FCRA") and whether Plaintiffs are entitled to statutory and punitive damages. Therefore, the only relevant evidence in this trial pertains to the

character of Defendants' alleged actions -- whether or not Mr. Weintraut intended to violate the Fair Credit Reporting Act. The Sathers' testimony regarding their emotions are not relevant to this inquiry. Therefore, it should be excluded.

## FACTUAL BACKGROUND

On July 10, 2003, this Court entered an order granting summary judgment on the Plaintiffs' failure to support their "claims for damages based on loss of business and reputation, impairment of access to credit, and emotional distress." (July 10, 2003 Order, p. 8). The Court concluded that the only remaining issues are "whether Defendants willfully failed to comply with the FCRA" and whether Plaintiffs are entitled to statutory and punitive damages. Id.

The Sathers are likely to attempt to introduce testimony and evidence regarding how the Defendants' alleged violations of the FCRA has affected them emotionally and mentally in the hopes that this evidence will inflame the jury and persuade them into awarding substantial punitive damages against Defendants. This testimony would be utterly irrelevant and unfairly prejudicial to the Defendants. Therefore, it should be excluded.

## LEGAL ARGUMENT

### I. EVIDENCE REGARDING PLAINTIFF'S FEELINGS AND MENTAL STATE SHOULD BE EXCLUDED BECAUSE IT IS IRRELEVANT.

The trial court has broad discretion in determining the admissibility of evidence. Jones v. TEK Indus., Inc., 319 F.3d 355, 360 (8th Cir. 2003). Of course, only relevant evidence is admissible. FED. R. EVID. 402. Relevant evidence is "evidence having any

tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.

Based on the Court's July 10 Order, evidence of the Sathers'' alleged emotional distress is irrelevant. The Court has already found that the Sathers did not sustain any damages for emotional distress. The sole issue for trial is whether Defendants willfully failed to comply with the FCRA.

In determining whether Defendants' conduct was willful, Plaintiffs must show that "Defendants knowingly and intentionally committed an act [they] knew was not permitted by the FCRA." July 10 Order, p. 7 (citing Phillips v. Grendahl, 312, F.3d 357, 370 (8th Cir. 2002)). The focal point of the evidence should be on Defendants' knowledge and intentions.

Facts pertaining to the Sathers' emotional state in response to Defendants' alleged wrongdoings do not "have any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence," and are therefore irrelevant. Accordingly, all evidence of Plaintiffs' alleged emotional distress, mental anguish or feelings in response to the allegations against Defendants should be excluded.

## II. THE COURT SHOULD EXCLUDE EVIDENCE OF PLAINTIFFS' ALLEGED EMOTIONAL AND MENTAL STATE BECAUSE ITS PROBATIVE VALUE IS SUBSTANTIALLY OUTWEIGHED BY ITS PREJUDICIAL EFFECT.

The Court may exclude relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fortune Funding, LLC v. Ceridian Corp., 368 F.3d 985, 990 (8th Cir. 2004) (citing FED. R. EVID. 403). As previously stated, the only remaining issue for trial is whether Defendants willfully violated the FCRA. If Defendants are found to have willfully violated the FCRA, the jury will then be asked to determine if Plaintiffs are entitled to punitive damages.

Evidence of Plaintiffs' emotional distress would be extremely prejudicial and misleading to the jury because it would only be used to invoke sympathy, causing the jury to award an unsubstantiated amount of punitive damages. "One must concede that unlimited jury discretion -- or unlimited judicial discretion for that matter -- in the fixing of punitive damages may invite extreme results that jar one's constitutional sensibilities." Pacific Mut. Life Ins. Co. v. Haslip, 499 U.S. 1, 18 (1991). "[T]he amount of the punitive award is initially determined by a jury instructed to consider the gravity of the wrong and the need to deter similar wrongful conduct." Id. at 15. (see also, EEOC v. HBE Corp., 135 F.3d 543, 556 (8th Cir. ) ("The amount of any punitive damages awarded should be what is needed to punish and deter the defendant"). "[T]he general rule is that where a punitive damage award is the result of passion and prejudice, a new trial is

required and that a remittitur is not an appropriate remedy." Hale v. Firestone Tire & Rubber Co., 820 F.2d 928, 936 (8th Cir. 1987).

In sum, awards of punitive damages are to be based on the wrongdoer's actions, not the alleged pain and suffering of the injured party. Plaintiffs are likely to introduce evidence of emotional distress for the sole purpose of inflaming the jury. Allowing such evidence would confuse the issues and mislead the jury by redirecting the focus onto the Plaintiffs -- whereas the actual attention should be on Defendants' conduct. As a result, the jury would likely make a decision based on passion and prejudice – requiring a new trial. Therefore, due to the unfair prejudice and confusion caused by allowing evidence of Plaintiffs' alleged emotional and mental state -- in addition to the potential need for a new trial -- the Court should exclude all such evidence.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that this court grant the motion to exclude testimony, evidence and arguments regarding Plaintiffs' alleged emotional distress, mental anguish or feelings in response to the allegations against Defendants.

Dated: June 27, 2005

s/Thomas E. Propson

**THOMAS E. PROPSON** (#231046)
**JAMIE L. SATHER** (#323391)
**MEAGHER & GEER, PLLP**
33 South Sixth Street
Suite 4200
Minneapolis, Minnesota 55402
(612) 338-0661

*Attorneys for the Defendants.*