**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Steven A. Sather and Kathleen Sather, Court File No.: 01-CV-1370 (JNE/JGL)

Plaintiffs,

v.

**JURY INSTRUCTIONS**

Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,

Defendants.

---

Defendants submit these proposed jury instructions and reserve the right to propose additional or alternative instructions, to modify the instructions submitted herewith, to withdraw instructions submitted herewith, or to withdraw instructions as warranted by the evidence received at trial, and the disposition of the pending motions in limine or other motions made at trial.

Defendants respectfully request that the court give the following jury instructions:

General Preliminary Instructions at Beginning of Civil Trial:

| | | |
|---|---|---|
| 1. | 1.01 | General: Nature of Case: Burden of Proof; Duty of Jury; Cautionary |
| 2. | 1.02 | Evidence: Limitations |
| 3. | 1.03 | Bench Conferences and Recesses |
| 4. | 1.04 | No Transcript Available [Note-taking] |
| 5. | 1.05 | Conduct of the Jury |
| 6. | 1.06 | Outline of Trial |

Instructions During a Civil Trial:

| | | |
|---|---|---|
| 7. | 2.01 | Duties of Jury: Recesses |
| 8. | 2.04 | Judicial Notice |
| 9. | 2.07 | Cross-Examination of Party's Character Witness |
| 10. | 2.08A | Evidence Admitted Against Only One Party |
| 11. | 2.08B | Evidence Admitted For Limited Purposes |

Instructions at Close of Evidence:

| | | |
|---|---|---|
| 12. | 3.01 | Explanatory |
| 13. | 3.02 | Judge's Opinion |
| 14. | 3.03 | Credibility of Witnesses |
| 15. | 3.04 | Burden of Proof |
| 16. | 3.06 | Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form |
| 17. | 3.07 | "Allen" Charge to Be Given After Extended Deliberation |

Fair Credit Reporting Act (15 U.S.C.A. § 1681):

| | | |
|---|---|---|
| 18. | 153.31 | Consumer Report |
| 19. | Special 1 | Willful |
| 20. | 153.71 | Damages for Willful Noncompliance With Act |

See attached proposed instructions.

Dated: June 27, 2005

__s/Thomas E. Propson__________
Thomas E. Propson # 231046
Jamie L. Sather #323391
**MEAGHER & GEER, P.L.L.P.**
33 South Sixth Street, Suite 4200
Minneapolis, MN 55402
(612) 338-0661

*Attorneys for Defendants*

1232999v3

## 1.01 General: Nature of Case; Burden of Proof; Duty of Jury; Cautionary

Ladies and gentlemen: I will take a few moments now to give you some initial instructions about this case and about your duties as jurors. At the end of the trial I will give you further instructions. I may also give you instructions during the trial. Unless I specifically tell you otherwise, all such instructions – both those I give you now and those I give you later – are equally binding on you and must be followed.

This is a civil case brought by the Plaintiffs against the Defendants. The Plaintiffs allege that the Defendants intentionally violated the Fair Credit Reporting Act. The Defendants deny that allegation. It will be your duty to decide from the evidence whether the Plaintiffs are entitled to a verdict against Defendants. From the evidence you will decide what the facts are. You are entitled to consider that evidence in the light of your own observations and experiences in the affairs of life. You will then apply those facts to the law which I give you in these and in my other instructions, and in that way reach your verdict. You are the sole judges of the facts; but you must follow the law as stated in my instructions, whether you agree with it or not.

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness says, or only part of it, or none of it.

In deciding what testimony to believe, consider the witnesses' intelligence, their opportunity to have seen or heard the things they testify about, their memories, any motives they may have for testifying a certain way, their manner while testifying, whether they said something different at an earlier time, the general reasonableness of their testimony and the extent to which their testimony is consistent with other evidence that you believe.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

You should not take anything I may say or do during the trial as indicating what I think of the evidence or what I think your verdict should be.

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 1.01 (2001)

## 1.02 Evidence: Limitations

I have mentioned the word "evidence." "Evidence" includes the testimony of witnesses; documents and other things received as exhibits; any facts that have been stipulated - that is, formally agreed to by the parties; [and any facts that have been judicially noticed - that is facts which I say you must accept as true.][1]

Certain things are not evidence. I will list those things for you now:

1. Statements, arguments, questions and comments by lawyers are not evidence.

2. Exhibits that are identified by a party but not offered or received in evidence are not evidence.

3 . Objections are not evidence. Lawyers have a right and sometimes an obligation to object when they believe something is improper. You should not be influenced by the objection. If I sustain an objection to a question or an exhibit, you must ignore the question or the exhibit and must not try to guess what the information might have been.

4 . Testimony and exhibits that I strike from the record, or tell you to disregard, are not evidence and must not be considered.

5. Anything you see or hear about this case outside the courtroom is not evidence[, unless I specifically tell you otherwise during the trial].

Furthermore, a particular item of evidence is sometimes received for a limited purpose only. That is, it can be used by you only for one particular purpose, and not for any other purpose. I will tell you when that occurs, and instruct you on the purposes for which the item can and cannot be used. [You should also pay particularly close attention to such an instruction, because it may not be available to you in writing later in the jury room.][2]

Finally, some of you may have heard the terms "direct evidence" and "circumstantial evidence." You are instructed that you should not be concerned with those terms, since the law makes no distinction between the weight to be given to direct and circumstantial evidence.

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 1.02 (2001)

## 1.03 Bench Conferences and Recesses

During the trial it may be necessary for me to speak with the lawyers out of your hearing, either by having a bench conference here while you are present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is to decide how certain evidence is to be treated under the rules of evidence which govern the trial, and to avoid confusion and error. We will, of course, do what we can to keep the number and length of these conferences to a minimum.

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 1.03 (2001)

## 1.04 No Transcript Available [Note-Taking]

At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult. You must pay close attention to the testimony as it is given.

[If you wish, however, you may take notes to help you remember what witnesses said. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. And do not let note-taking distract you so that you do not hear other answers by the witness.] The Clerk will provide each of you with a pad of paper and a pen or pencil. At each recess, leave them __________.[1]

[When you leave at night, your notes will be secured and not read by anyone.][2]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 1.04 (2001)

## 1.05 Conduct of the Jury

Finally, to insure fairness, you as jurors must obey the following rules:

*First*, do not talk among yourselves about this case, or about anyone involved with it, until the end of the case when you go to the jury room to decide on your verdict.

*Second*, do not talk with anyone else about this case, or about anyone involved with it, until the trial has ended and you have been discharged as jurors.

*Third*, when you are outside the courtroom, do not let anyone tell you anything about the case, or about anyone involved with it [until the trial has ended and your verdict has been accepted by me]. If someone should try to talk to you about the case [during the trial], please report it to me.

*Fourth*, during the trial you should not talk with or speak to any of the parties, lawyers or witnesses involved in this case - you should not even pass the time of day with any of them. It is important not only that you do justice in this case, but that you also give the appearance of doing justice. If a person from one side of the lawsuit sees you talking to a person from the other side - even if it is simply to pass the time of day - an unwarranted and unnecessary suspicion about your fairness might be aroused. If any lawyer, party or witness does not speak to you when you pass in the hall, ride the elevator or the like, remember it is because they are not supposed to talk or visit with you either.

*Fifth*, do not read any news stories or articles about the case, or about anyone involved with it, or listen to any radio or television reports about the case or about anyone involved with it. [In fact, until the trial is over I suggest that you avoid reading any newspapers or news journals at all, and avoid listening to any TV or radio newscasts at all. I do not know whether there might be any news reports of this case, but if there are you might inadvertently find yourself reading

or listening to something before you could do anything about it. If you want, you can have your spouse or a friend clip out any stories and set them aside to give you after the trial is over. I can assure you, however, that by the time you have heard the evidence in this case, you will know more about the matter than anyone will learn through the news media.][1]

*Sixth*, do not do any research (including research in the dictionary) or make any investigation about the case on your own.

*Seventh*, do not make up your mind during the trial about what the verdict should be. Keep an open mind until after you have gone to the jury room to decide the case and you and your fellow jurors have discussed the evidence.

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 1.05 (2001)

## 1.06 Outline of Trial

The trial will proceed in the following manner:

First, the plaintiff[s]'s attorney may make an opening statement. Next, the defendant[s]'s attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

The plaintiff[s] will then present evidence and counsel for defendant[s] may cross-examine. Following the plaintiff[s] case, the defendant may present evidence and plaintiff[s]'s counsel may cross-examine.

After presentation of evidence is completed, the attorneys will make their closing arguments to summarize and interpret the evidence for you. As with opening statements, closing arguments are not evidence. The court will instruct you further on the law. After that you will retire to deliberate on your verdict.

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 1.06 (2001)

## 2.01 Duties of Jury: Recesses

We are about to take [our first] [a] recess and I remind you of the instruction I gave you earlier. During this recess or any other recess, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone tries to talk to you about the case, please let me know about it immediately. [Do not read, watch or listen to any news reports of the trial.][2] Finally, keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every recess, but keep them in mind throughout the trial.[3]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 2.01 (2001)

## 2.02 Judicial Notice

I have decided to accept as proved the following fact[s]:

You must accept [this] [these] fact[s] as proved.

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 2.02 (2001)

## 2.07 Cross-Examination of Party's Character Witness

The questions and answers you have just heard were permitted only to help you decide if the witness really knew about ___________'s[1] reputation for truthfulness.[2] The information developed on that subject may not be used by you for any other purpose.[3]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 2.07 (2001)

## 2.08A Evidence Admitted Against Only One Party

Each party is entitled to have the case decided solely on the evidence which applies to that party. Some of the evidence in this case is limited under the rules of evidence to one of the parties, and cannot be considered against the others.

The evidence you [are about to hear] [just heard][1] can be considered only in the case against __________.[2]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 2.08A (2001)

## 2.08B Evidence Admitted for Limited Purposes

The evidence [(you are about to hear) (you have just heard)] may be considered by you only on the [(issue) (question)] __________. It may not be considered for any other purpose.

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 2.08B (2001)

## 3.01 Explanatory

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because all are important. [This is true even though some of those I gave you [at the beginning of] [during] trial are not repeated here.][1]

[The instructions I am about to give you now [as well as those I gave you earlier] are in writing and will be available to you in the jury room.] [I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing or not, must be followed.]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 3.01 (2001)

## 3.02 Judge's Opinion

Neither in these instructions nor in any ruling, action or remark that I have made during the course of this trial have I intended to give any opinion or suggestion as to what your verdict[s] should be.

[During this trial I have occasionally asked questions of witnesses. Do not assume that because I asked questions I hold any opinion on the matters to which my questions related.][1]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 3.02 (2001)

## 3.03 Credibility of Witnesses

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, you may consider a witness' intelligence, the opportunity a witness had to see or hear the things testified about, a witness' memory, any motives a witness may have for testifying a certain way, the manner of a witness while testifying, whether a witness said something different at an earlier time,[1] the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

[In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 3.03 (2001)

## 3.04 Burden of Proof

In these instructions you are told that your verdict depends on whether you find certain facts have been proved. The burden of proving a fact is upon the party whose claim [or defense][1] depends upon that fact. The party who has the burden of proving a fact must prove it by the [(greater weight) or (preponderance)][2] of the evidence. To prove something by the [(greater weight) or (preponderance)] of the evidence is to prove that it is more likely true than not true. It is determined by considering all of the evidence and deciding which evidence is more believable. [If, on any issue in the case, the evidence is equally balanced, you cannot find that issue has been proved.]

[The [(greater weight) or (preponderance)] of the evidence is not necessarily determined by the greater number of witnesses or exhibits a party has presented.] [You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard which applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 3.04 (2001)

## 3.06 Election of Foreperson; Duty to Deliberate; Communications with Court; Cautionary; Unanimous Verdict; Verdict Form

In conducting your deliberations and returning your verdict, there are certain rules you must follow.

*First*, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because a verdict must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are not partisans. You are judges - judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

*Third*, if you need to communicate with me during your deliberations, you may send a note to me through the marshal or bailiff, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone - including me - how your votes stand numerically.

*Fourth*, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. The verdict must be unanimous.

Nothing I have said or done is intended to suggest what your verdict should be - that is entirely for you to decide.[1]

*Finally*, the verdict form is simply the written notice of the decision that you reach in this case. [The form reads: (read form)]. You will take this form to the jury room, and when each of you has agreed on the verdict[s], your foreperson will fill in the form, sign and date it, and advise the marshal or bailiff that you are ready to return to the courtroom.

[If more than one form was furnished, you will bring the unused forms in with you.]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 3.06 (2001)

## 3.07 "Allen" Charge to be Given After Extended Deliberation

As stated in my instructions, it is your duty to consult with one another and to deliberate with a view to reaching agreement if you can do so without violence to your individual judgment. Of course you must not surrender your honest convictions as to the weight or effect of the evidence solely because of the opinions of other jurors or for the mere purpose of returning a verdict. Each of you must decide the case for yourself; but you should do so only after consideration of the evidence with your fellow jurors.

In the course of your deliberations you should not hesitate to reexamine your own views, and to change your opinion if you are convinced it is wrong. To reach a unanimous result you must examine the questions submitted to you openly and frankly, with proper regard for the opinions of others and with a willingness to re-examine your own views.

Finally, remember that you are not partisans; you are judges - judges of the facts. Your sole interest is to seek the truth from the evidence. You are the judges of the credibility of the witnesses and the weight of the evidence.

You may conduct your deliberations as you choose. But I suggest that you carefully [re]consider all the evidence bearing upon the questions before you. You may take all the time that you feel is necessary.

There is no reason to think that another trial would be tried in a better way or that a more conscientious, impartial or competent jury would be selected to hear it. Any future jury must be selected in the same manner and from the same source as you. If you should fail to agree on a verdict, the case is left open and must be disposed of at some later time.[1] [Please go back now to finish your deliberations in a manner consistent with your good judgment as reasonable persons.][2]

AUTHORITY: 8TH CIR. CIVIL JURY INSTR. 3.07 (2001)

## §153.31 Consumer Report

A "consumer report" generally means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for (1) credit or insurance to be used primarily for personal, family, or household purposes; (2) employment purposes; or (3) for business purposes.

The term "consumer report" does not include (1) any –

(a) report containing information solely as to transactions or experiences between the consumer and the person making the report;

(b) communication of that information among persons related by common ownership or affiliated by corporate control; or

(c) communication of other information among persons related by common ownership or affiliated by corporate control, if it is clearly and conspicuously disclosed to the consumer that the information may be communicated among such persons and the consumer is given the opportunity, before the time that the information is initially communicated, to direct that such information not be communicated among such persons;

(2) any authorization or approval of a specific extension of credit directly or indirectly by the insurer of a credit card or similar device; (2) any report in which a person who has been requested by a third party to make a specific extension of credit directly or indirectly to a consumer conveys his or her decision with respect to such request, if the third party advises the consumer of the name and address of the person to whom the request was made, and such person makes the disclosures to the consumer required by the Act; or (4) business purposes.

AUTHORITY: 3 Kevin E. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 153.31 (5th ed. 2001) (citing 15 U.S.C.A. § 1681a(d)).

## Special 1: Willful

"The [Fair Credit Reporting] Act's 'use of the word 'willfully' imports the requirement that the defendant knows his or her conduct is unlawful." "Thus, to show willful noncompliance, the Sathers must demonstrate that Defendants knowingly and intentionally committed an act Defendants knew was not permitted by the FCRA."

AUTHORITY: Court Order dated July 10, 2003 (citing Phillips v. Grendahl, 312 F.2d 357 (8th Cir. 2002); Bakker v. McKinnon, 152 F.3d 1007 (8th Cir. 1998)).

## §153.71 Punitive Damages for Willful Noncompliance with the Act.

Liability is created under the Fair credit Reporting Act for willful noncompliance with any requirement imposed under the Act with respect to such consumer.:

"Willfully" means an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something that the law requires to be done, that is to say, with a purpose either to disobey or disregard the law.

Damages recoverable for willful noncompliance with the Fair credit Reporting Act are of two kinds. First are the damages actually suffered by reason of the wrong complained of, and second, punitive damages, which means damages over and above the actual damages, if any, suffered by Plaintiffs. [It has already been decided by the Court that the Plaintiff have suffered none any actual damages] Punitive damages that may be awarded by you in your discretion for the purpose of making an example of and punishing Defendants for the wrong done and to serve as an example to others not to engage in such conduct.

You should also bear in mind, not only the conditions under which, and the purpose for which, the law permits an award of punitive damages to be made, but also the requirement of the law that the amount of such punitive damages must be fixed with calm discretion and sound reason and must never be either awarded, or fixed in amount, because of any sympathy or bias, or prejudice with respect to any party to the case.

AUTHORITY: 3 Kevin E. O'Malley, Jay E. Grenig & Hon. William C. Lee, Federal Jury Practice and Instructions § 153.71 (5th ed. 2001) (citing 15 U.S.C.A.§ 1681n.; Stevenson v. TRW, Inc., 987 F.2d 288, 293-94 (5th Cir. 1993); Boothe v. TRW Credit Data, 557 F.Supp. 66, 71 (S.D.N.Y. 1982); Yohay v. City of Alexandria Employees Credit Union, Inc., 827 F.2d 967, 972 (4th Cir. 1987)).