**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 01-CV-1370 (JNE/JGL)**

| | |
|---|---|
| Steven Sather and Kathleen Sather,<br><br>Plaintiffs,<br><br>v.<br><br>Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,<br><br>Defendants. | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR MOTIONS IN LIMINE** |

## INTRODUCTION

This case arises out of the Defendants' violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681b(f). Trial is scheduled to commence on July 11, 2005 concerning willfulness of Defendants' obtaining Plaintiff's consumer reports and liability and willfulness of Defendants using of those same reports. The Eighth Circuit has established the law of the case with respect to certain elements of the §1681b(f) claim, see Phillips v. Grendahl, 312 F.3d 357 (8th Cir. 2002), and Judge Erickson has made further factual findings resolving several of these elements. Therefore, Plaintiffs seek to have the evidence and arguments at trial limited to that which bears on the remaining issues aforementioned. Plaintiff brings this Motion in Limine and seeks a Protective Order excluding from trial:

1. Any evidence or argument going to the contents of Plaintiffs' credit reports;

2. Any evidence or argument relating to the Hennepin County lawsuit between the Wankes and SDBI, and the Plaintiffs' behavior therein prior to December 1, 1999;

3. Any evidence, argument, or inference that Defendants' non-lawyer staff was responsible for the Defendants' actions in this matter;

4. Any evidence, argument, or inference that Defendant Weintraut did not knowingly read and sign the Metro Legal FCRA Compliance Document;

5. Any evidence, argument, or inference as to what Robert Rode would state in testimony as to the intent or state of mind of Defendants.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kathleen Sather is the sole shareholder of Sather Design/Build, Inc. (SBDI) a corporation engaged in the business of remodeling houses. Order for Partial Summary Judgment, at 1 (Civ. No. 01-1370 (JNE/JGL)). Her husband, Plaintiff Steven Sather, is either an employee or a consultant of the corporation. (Order, fn.1.) Keith and Linda Wanke hired SBDI for a project in 1998 but were dissatisfied with the result. (Id. at 2) The Wankes brought suit against SBDI and the Sathers individually. (Id.) The Sathers were eventually dismissed from the case, but the Wankes did obtain a judgment against SBDI. (Id.)

In an attempt to collect the judgment, the Wankes' counsel in the state court litigation, Defendant Steven Weintraut, submitted an application to the Minnesota contractor's recovery fund. (Id.) Even though the judgment only named SBDI, Weintraut's application included the Sathers' individual credit reports which he and his law firm Defendant Siegal Brill obtained from Metro Legal Services, Inc. (Id.) Defendants also filed the Sathers' credit reports in state court and disseminated these to

several others entities and individuals. (Id.)

The Sathers brought this action against attorney Steven Weintraut and his law firm, Seigel, Brill, Greupner, Duffy, & Foster, P.A. (collectively, Defendants) alleging numerous violations of the FCRA. (Id.) Defendants filed a Motion for Summary Judgment and Judge Erickson issued an Order which partially granted and partially denied the Motion. (Id, generally.)

Defendants asserted an affirmative defense that they had obtained and used the credit reports, but only with a permissible purpose. (Id. at 4-5.) The Court first analyzed the Defendants' asserted permissions and determined that the FCRA did not permit the Defendants' obtaining and usage of the Sathers' credit reports. (Id. at 4-6.) Second, the Court determined that a factual dispute still remained as to whether Defendants willfully or negligently violated the FCRA. (Id. at 6-8.) Third, the Court found that the Sathers had failed to sustain their burden of submitting evidence to support a claim for actual damages, and the Court granted Defendants' motion on the issue of actual damages. (Id. at 8.)

## ARGUMENT

### I. Eighth Circuit Law and Judge Erickson have limited the issues for trial in this case.

To prevail on a claim for civil liability under 15 U.S.C. §§ 1681n(a) or 1681o(a) for violations of 15 U.S.C. §1681b(f), a consumer must prove that:

1. There was a consumer report,
2. Which the Defendant used or obtained
3. Without a permissible statutory purpose,

4. Either willfully or negligently.

Philips, 312 F.3d at 364.

Of these elements, three have already been satisfied. Throughout the Order for Partial Summary Judgment, exists a presumption that the Defendants have admitted that they did obtain and use the Sathers' credit reports. Intuitively, the Defendants could not have asserted their affirmative defense of having a "permissible purpose" without an implicit acknowledgment of the underlying use. This Court should recognize that the first element [that there was a consumer report] and the second element [that the Defendants obtained and used] are no longer in genuine dispute.

Judge Erickson's Order for Partial Summary Judgment also established that the Defendants did not have a permissible purpose in obtaining and/or using the Sathers' credit reports. (Order, at 4-6.) Defendants cannot argue that the Order merely preserved this issue for trial. The Court's language in this section is conclusive and explains unambiguously the reasons that Defendants' alleged permissible purposes do not apply. (Id. at 5 & 6.) Moreover, this reasoning and language of the Court sharply contrasts with the Court's subsequent language holding that "willfulness" still remained a genuine issue of fact. (Id. at 7-8.) This Court should further recognize, pursuant to its own reasoning, that the third element [whether the Defendants had a permissible purpose] is no longer in factual dispute. Accordingly, the only remaining element which requires resolution at trial and remains relevant is whether Defendants violated the FCRA willfully or negligently.

**II. Plaintiff's Motion in Limine should be granted in its entirety because none of**

**the evidence Plaintiff seeks to exclude is relevant to the remaining fact questions to be decided at trial, and even if such evidence were relevant, it would be unfairly prejudicial and likely to confuse or mislead the jury.**

Evidence which is not relevant is not admissible. Fed. R. Ev. 402. Even evidence that is relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Ev. 403. The rules further provide, "in jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions on the hearing of the jury." Fed. R. Ev. 103(d). Under the grant of broad authority to trial courts in Fed. R. Civ. P. 16 to conduct pretrial proceedings to enable effective management of the trial, evidentiary motions in limine are an appropriate means of preventing the impermissible suggestion of inadmissible evidence to the jury. See David F. Herr et al., Motion Practice § 18.04 (4th ed. and 2002 Supp.)

**A. Any evidence or argument going to the contents of Plaintiffs' credit reports should be excluded.**

As explained above, the only remaining factual issue is whether the Defendants were *negligent* or *willful* in violating the FCRA by obtaining and using the Sathers' credit reports. The contents of the Sathers' credit reports are not relevant to this issue and should be excluded pursuant to Fed. R. Ev. 402.

Moreover, in the event that the Sathers' credit reports contained any negative information about them, this information, if admitted, would present a serious danger of

creating unfair prejudice or potentially confusing the jury as to the relevant issues. Therefore the contents of the Sathers' credit reports should also be excluded pursuant to Fed. R. Ev. 403.

Beyond the Federal Rules of Evidence, it should also be noted that inclusion of the credit reports in this trial would *not* be a permissible use under the FCRA. See 15 U.S.C. § 1681b.

**B. Any evidence or argument relating to the state trial between the Wankes and SDBI, and the Plaintiffs' behavior therein, should be excluded.**

Referring again to the limited scope of remaining factual issues, facts surrounding the state trial between the Wankes and SBDI are not relevant to current trial. The Sathers' behavior in that preceding trial has absolutely no relevance to whether Defendants violated the FCRA. The only facts from the state trial which would arguably be relevant to the current trial are [1] the Wankes had a judgment against SBDI, but [2] Weintraut was trying to collect against the Sathers individually. Pursuant to Fed. R. Ev. 402, any other information regarding the state trial should be excluded.

Additionally, the non-relevant information regarding the state trial if admitted, would present a serious danger of creating unfair prejudice or potentially confusing the jury as to the relevant issues. Therefore the contents of the state trial between the Wankes and SBDI should also be excluded pursuant to Fed. R. Ev. 403.

**C. Any evidence, argument, or inference that non-lawyer staff was responsible for the Defendants' actions in this matter should be excluded.**

Plaintiffs anticipate that Defendants may attempt to assign responsibility for the FCRA violations upon their non-legal staff. Such evidence or argument would also be non-relevant. See e.g. Midwest Motor Sports v. Arctic Cat Sales, 347 F.3d 693, 698 (8th Cir. 2003) ("[A]n attorney is responsible for the misconduct of his non-lawyer employee or associate if the lawyer orders or ratifies the conduct.") In this case, Defendant Weintraut signed a FCRA compliance document [prepared by Metro Legal Services, Inc.] on May 5, 2000 in order to obtain the Sathers' credit reports. An attempt by Defendants to assign responsibility to non-legal staff would be pre-empted by Midwest Motor Sports, and therefore non-relevant and should be excluded per Fed. R. Ev. 402. Furthermore, such an argument would be a waste of time and would also be properly excluded per Fed. R. Evid. 403.

**D. Any evidence, argument, or inference that Defendant Weintraut did not knowingly read and sign a Metro Legal FCRA Compliance Document should be excluded.**

Plaintiff anticipates Defendant Weintraut will attempt to argue that he did not intend or knowingly violate the Fair Credit Reporting Act despite the fact that he signed the certification that he read and understood the law. The Defendant should be estopped from backing away from the certification that he made to his vendor Metro Legal that in turn and based on the representation of Weintraut, accessed the Plaintiffs' consumer reports.

**E. <u>Any evidence, argument, or inference as to what Robert Rode would state in testimony should be excluded.</u>**

Defendants' eleventh hour attempt to spring a surprise witness on Plaintiff should be denied. Mr. Rode was an employee of Defendant law firm and known to Defendant since the inception of the action at bar. Despite this fact Defendant on June 8, 2005 supplemented its Rule 26(a)(1) Disclosures to add Rode as a witness who will apparently testify as to Defendant Weintraut's intent. Plaintiff is severely prejudiced by such late notice. Further, additional documents that Defendant has recently disclosed to and from Rode has been redacted without explanation or privilege log. Plaintiffs seek to exclude any testimony from Rode.

Dated this 28th day of June, 2005.

By: s/Thomas J. Lyons
**THOMAS LYONS & ASSOCIATES P.A.**
Thomas J. Lyons
Attorney I.D. #: 65699
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr.
Attorney I.D. #: 0249646
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

ATTORNEYS FOR PLAINTIFFS