**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 01-CV-1370 (JNE/JGL)**

| | |
|---|---|
| Steven Sather and Kathleen Sather,<br><br>Plaintiffs,<br><br>v.<br><br>Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,<br><br>Defendants. | **PLAINTIFFS' TRIAL BRIEF** |

This case centers on the federal law that insures privacy of consumers' credit reports and history. As with most statutory consumer law cases, this one relies for its proof on documents and their plain meaning with some comment by the authors.

Starting in December of 1999, Defendants wrote a pre-trial letter [Ex 1] making it clear that they would use every means available to advance their clients' case against a company known as Sather Design Build Inc. and, if necessary, against the Plaintiffs and their ability to earn a livelihood.

Exhibit 2 shows that the verdict of January 7th, 2000 was obtained against the business only and not in any way against the Plaintiffs, Steven and Kathleen Sather personally.

Exhibit 3 internal defendant law firm e-mail (2-18-00) proves that Defendant law firm and Weintraut knew the only entity against whom collection efforts, if

necessary, could proceed would be the business and not the individuals Steven and Kathleen Sather.

Blake Nelson, Defendant Weintraut and Metro Legal will testify that any collection effort against an individual has a damaging and detrimental effect on the consumer's credit score. They will also testify that the Fair Credit Reporting Act [15 U.S.C. §1681a et. seq.] protects the privacy and accuracy of consumers' credit reports. We will ask, if necessary, that the court take judicial notice (FRE 201) of such facts if a dispute arises at trial regarding the testimonial and documentary evidence.

Defendant Weintraut will testify about the amended affidavit of judgment debtor Exhibit 5 [2-21-00] and any predecessors [Ex 4] the Defendants prepared and why they were necessary and for what use in the post judgment collection efforts against the business SDBI.

Exhibit 6 and 7 are the Entry of Judgment and Writ of Execution against the business SDBI.

Mr. Blake Nelson and Defendant Weintraut will testify that in the weeks after filing the Entry of Judgment [Ex 6], the parties to the state court case negotiated thru their attorneys to reach a payment price that would satisfy the judgment against the business [see Ex 8 March 1st 2000 letter from Nelson to Weintraut].

The evidence will show that the Defendants grew impatient and decided to move aggressively against the Sathers by requesting their **personal** credit reports.

Metro legal and Blake Nelson will testify that it is impermissible for anyone to access the confidential credit histories and credit reports of consumers without a permissible purpose as set out in the statute itself [15 U.S.C. §1681b(f)]. If necessary, we will ask the court to exercise its (FRE 201) powers to take judicial notice of the statute's provisions in that regard.

Exhibit 9 Asset Search and Skip Trace Request and Exhibit 10 the Consumer Credit Report Request ( both dated May 5, 2000) required by Metro Legal and signed by Defendant Weintraut on behalf of himself and the Defendant law firm clearly displays the knowing and willful nature of the prohibited "obtaining" of a consumer report to collect a corporate debt.

Metro Legal will testify that Exhibits 9, 10, 11 [fax cover sheet] and 12 [the May 12, 2000, transmittal letter covering both Sathers' credit reports] are proof of a knowing but untruthful successful certification and resultant consumer report from CSC, one of the big three nationwide credit reporting agencies.

In Exhibit 13 Blake Nelson reminds Defendants by letter on May 22, 2000, that any collection effort against the Sathers personally is illegal and that paper work on the judgment must be corrected by the defendants to reflect that the Sathers' are not personally liable for any judgment. He also mentions the continued efforts by the judgment debtor, SDBI, to make payment to settle the judgment. The proof will be that Mr. Nelson was unaware at the time of Exhibits 9, 10, 11 and 12.

Exhibit 14 proves that the warning in #13 was received and noted internally at least by May 30th within the defendant law firm in a memo from Weintraut to Rode and Stuart, but it also proves that the Sathers' were still the target by noting the reference line and the cryptic word "yet" referring to efforts against the Sathers. Exhibit 14 will also demonstrate defendants' knowledge of the clear legal distinction between the Sathers personally and SDBI by reminding the Defendant law firm staff that the damaging collection efforts be directed at SDBI only.

In the meantime, Defendants' continued aggressive moves against the Sathers personally are proved by the levy on the TCF accounts of more Sather accounts than the judgment debtor SDBI. [See Exhibits 15 dated 6-6-00 and 16 dated 6-8-00]

Again via Exhibit 17 [Nelson letter 6-28-00] Defendant Weintraut is alerted to and warned of the fact that the defendants are collecting against the wrong entities if they proceed against anyone other than SDBI and that the Sathers were not responsible for the judgment and should not be the target in any way of the Defendants' efforts to collect.

Exhibit 18 is the June 30th filing of the stipulated amended entry of judgment to be retroactive to February showing only the SDBI Defendant as the judgment debtor. And Mr. Nelson will testify that when the stipulated order was eventually signed by the trial judge properly identifying the judgment debtor as SDBI, he immediately wrote Ex 19 on August 1st attempting settlement of the judgment.

But the defendants' attack on the Sathers did not end in May or June, it proceeded throughout the summer of 2000 by one means or another.

The evidence in Exhibits 20 and 21 [August 24, 2000, filing of the personal credit reports of Kathleen and Steven Sather [Exhibit D to Weintraut's Affidavit] with the (A) Court Administrator and (B) Minnesota Department of Commerce] copied to (C) Wankes, (D) the trial judge and (E) Helmuth and Johnson law firm [see Ex 22 letter dated 8-24-00 to Markve from defendants] will show that the Defendants were not abandoning their earlier threat of Exhibit 1 to effectively destroy the livelihood of the Sathers personally when they took steps to get the Contractors' Recovery Fund to pay the judgment and then strip Ms. Kathleen Sather of her license and paint Steve Sather with the same brush.

This impermissible "use" [15 U.S.C. §1681b(f)] of Kathleen Sather's credit report [see Ex 23] in the trial court filing [Ex 20] is multiplied for each person to whom the Defendants provided Kathleen Sather's confidential consumer report. In other words, the proof will be that there were a total of seven (7) **known** impermissible recipients who received the report on Kathleen Sather. Those seven (7) are listed in part on the copy line of page 2 of Exhibits 20 and 21 and those not found there are found in Exhibit 25 [the return envelope from Minnesota Secretary of State] and Exhibit 24, letter to Rode from the Minnesota Department of Commerce dated 9-5-00.

Likewise, Plaintiff Steven Sather's privacy rights under the FCRA were violated when the Defendants "used" his credit report [Ex 23] seven (7) times in an impermissible manner to satisfy the judgment against SDBI. The evidence will clearly show that he is simply an employee of SDBI and yet the Defendants illegally "used" Steven Sather's report when they filed it with the court and gave it to the various others listed in Exhibits 20, 21, 22, 24 and 25.

The evidence will further show that on two occasions in two separate courts, Mr. Weintraut represented and swore on his oath that all the copies of the personal credit reports of the plaintiffs were destroyed [Ex 26 dated 9-22-00 and Ex 29 dated 11-1-02].

Exhibit 28 [partial depo transcript of Steve Sather dated 7-22-02 with credit report exhibit used in that deposition] calls into question whether **all** the copies were destroyed and thus Mr. Weintraut's credibility in all facts to which he might testify at trial.

Exhibit 27 [joint answer of the defendants in this case] will be offered through Mr. Weintraut as the defendants' joint view of the claims of the plaintiffs and include the admission of liability at § 12 and the preposterous affirmative defenses.

Exhibit 28 [the partial depo transcript from Steve Sather's deposition in this case dated 7-22-00] is evidence of further use by defendants of the personal credit reports of plaintiffs when former Attorney Clint Bogden questioned Steve Sather about the credit report.

Exhibit 30 [current copy of defendant law firm website] will be used through Defendant Weintraut to prove to the jury the extensive experience of the defendants in corporate law matters.

## **CONCLUSION**

Plaintiff Kathleen Sather has made her case for multiple violations of 15 U.S.C. §1681b(f) that total a minimum of eight (8). Each one is the basis for a separate and distinct claim for damages under 15 U.S.C. §1681n(1)(A) and (B) and each has the potential for a punitive damages award under 15 U.S.C. §1681n(2).

Plaintiff Steven Sather has made his claim for multiple violations of 15 U.S.C. §1681b(f) that total a minimum of eight (8). Each one has separate claim for damages under 15 U.S.C. §1681n(1)(A) and (B) and the potential for punitive damages under 15 U.S.C. §1681n.

Both plaintiffs will have made a case of a personal vendetta against them for the purpose of destroying their livelihood as building and remodeling contractors in the State of Minnesota and by so doing their right to a substantial punitive damages award against the defendants and each of them pursuant to the FCRA.

Dated this 28th day of June, 2005.

Respectfully submitted,

By: s/Thomas J. Lyons______________

**THOMAS LYONS & ASSOCIATES P.A.**
Thomas J. Lyons
Attorney I.D. #: 65699
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr.
Attorney I.D. #: 0249646
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

ATTORNEYS FOR PLAINTIFFS