**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 01-CV-1370 (JNE/JGL)**

| | |
|---|---|
| Steven Sather and Kathleen Sather,<br><br>Plaintiffs,<br><br>v.<br><br>Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,<br><br>Defendants. | **PLAINTIFFS' PROPOSED REQUESTED JURY INSTRUCTION** |

Plaintiffs respectfully requests that the Court give the attached instructions to the Jury specifically the ones without a citation (Plaintiffs' Proposed Jury Instruction Numbers 1 – 18, 20- 22 and 33-35) were approved by Judge Ann D. Montgomery in Phillips v. Grendahl et al, CV 00-1382, Docket #140, (D. Minn., 2000) which was a FCRA Privacy case.

**JURY INSTRUCTION NUMBER 1**

Members of the jury, the instructions I gave at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. This is true even though some of those I gave you at the beginning of trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, all instructions, whenever given and whether in writing qr not, must be followed.

**JURY INSTRUCTION NUMBER 2**

Now that you have heard the evidence and the argument, it becomes my duty to give you the instructions of the Court as to the law applicable to this case.

It is your duty as jurors to follow the law as I shall state it to you, and to apply that law to the facts as you find them from the evidence in the case. You are not to single out one instruction alone as stating the law, but must consider the instructions as a whole. Neither are you to be concerned with the wisdom of any rule of law stated by me.

Counsel have quite properly referred to some of the governing rules of law in their arguments. If, however, any difference appears to you between the law as stated by counsel and that stated by the Court in these instructions, you are of course to be governed by the Courts instructions.

Nothing I say in these instructions is to be taken as an indication that I have any opinion about the facts of the case, or what that opinion is. It is not my function, to determine the facts, but rather yours.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be governed by sympathy, prejudice or public opinion. All parties expect that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

**JURY INSTRUCTION NUMBER 3**

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life. A corporation is entitled to the same fair trial at your hands as a private individual. All persons, including corporations, partnerships, unincorporated associations, and other organizations, stand equal before the law, and are to be dealt with as equals in a court of justice.

**JURY INSTRUCTION NUMBER 4**

You have been allowed to take notes during the course of the trial, and you may take these notes with you to the jury room. You should not consider these notes binding or conclusive, whether they are your notes or those of another juror. The notes should be used as an aid to your memory and not as a substitute for it. You should not give greater weight to a particular bit of evidence solely because it has been reduced to writing. I want to make clear to you that it is your recollection of the evidence which should control, and you should disregard anything contrary to your own recollection which may appear from your own notes or those of another juror.

**JURY INSTRUCTION NUMBER 5**

Statements and arguments of counsel are not evidence in the case. When, however, the attorneys on both sides stipulate or agree as to the existence of a fact, the jury must, unless otherwise instructed, accept the stipulation and regard that fact as proved.

Unless you are otherwise instructed, the evidence in the case always consists of the sworn testimony of the witnesses, regardless of who may have called them; and all exhibits received in evidence, regardless of who may have produced them; and all facts which may have been admitted or stipulated.

Any evidence as to which an objection was sustained by the Court, and any evidence ordered stricken by the Court, must be entirely disregarded.

**JURY INSTRUCTION NUMBER 6**

If a lawyer asks a witness a question which contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyers' statements are not evidence.

**JURY INSTRUCTION NUMBER 7**

The burden is on the plaintiff in a civil action, such as this, to prove every essential element of the claim by a preponderance of the evidence. If the proof should fail to establish any essential element of plaintiffs claim by a preponderance of the evidence in the case, the jury should find for the defendant as to that claim.

To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This rule does not, of course, require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in. any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, the jury may, unless otherwise instructed, consider the testimony of all. witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

**JURY INSTRUCTION NUMBER 8**

When I say in these instructions that a party has the burden of proof on my proposition, or use the expression "if you find," or "if you decide," I mean you must be persuaded, considering all the evidence in the case, that the proposition is more probably true that not true.

**JURY INSTRUCTION NUMBER 9**

A witness may be discredited or impeached by contradictory evidence; or by evidence that at some other time the witness has said or done something, or has failed to say or do something which is inconsistent with the witness' present testimony.

If you believe any witness has been impeached and thus discredited, it is your exclusive province to give the testimony of that witness such credibility, if any, as you may think it deserves.

If a witness is shown knowingly to have testified falsely concerning any material matter, you have a right to distrust such witness's testimony in other particulars; and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

**JURY INSTRUCTION NUMBER 10**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**JURY INSTRUCTION NUMBER 11**

Under the law, a corporation is a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

Steven Weintraut was authorized to act for the Siegel Brill law firm.

**JURY INSTRUCTION NUMBER 12**

There are, generally speaking, two types of evidence from which a jury may properly find the truth as to the facts of a case. One is direct evidence - such as the testimony of any eyewitness. The other is indirect or circumstantial evidence - the proof of a chain of circumstances pointing to the existence or non-existence of certain facts.

As a general rule, the law makes no distinction between direct or circumstantial evidence, but simply requires that the jury find the facts in accordance with the preponderance of all the evidence in the case, both direct and circumstantial.

**JURY INSTRUCTION NUMBER 13**

You are to consider only the evidence in the case. But in your consideration of the evidence you are not limited to the bald statements of the witnesses. In other words, you are not limited to what you see and hear as the witnesses testify. You are permitted to .draw, from facts which you find have been proved, such reasonable inferences as seem justified in the light of your experience.

Inferences are deductions or conclusions which reason and common sense lead the jury to draw from facts which have been established by the evidence in the case.

Unless and until outweighed by evidence in the case to the contrary, you may find that official duty has been regularly performed; that private transactions have been fair and regular; that the ordinary course of business or employment has been followed; that things have happened. according to the ordinary course of nature and the ordinary habits of life; and that the law has been obeyed.

You will make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

**JURY INSTRUCTION NUMBER 14**

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

**JURY INSTRUCTION NUMBER 15**

The testimony of a single witness which produces in your minds belief in the likelihood of truth is sufficient for the proof of any fact, and would justify a verdict in accordance ‘with such testimony even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.

**JURY INSTRUCTION NUMBER 16**

The purpose of the Fair Credit Reporting Act is to require consumer reporting agencies to adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information. The Act requires this be done in a manner that is fair and equitable to the consumer with regard to confidentiality, accuracy, and relevancy. It also requires that such information be properly utilized in accordance with the Act. The Act was amended in 1996 to add a provision that forbids obtaining a consumer report unless the report was obtained for a permitted purpose. Congress also added language imposing a civil liability of a minimum of $1000 against natural persons for "obtaining a consumer report under false pretenses or knowingly without a permissible purpose."

## JURY INSTRUCTION NUMBER 17

For purposes of the Fair Credit Reporting Act, to act with "false pretenses" means the failure to disclose the lack of a permissible purpose.

**JURY INSTRUCTION NUMBER 18**

Plaintiffs are consumers entitled to the protection and benefit of the Fair Credit Reporting Act. you are instructed that Defendants did obtain both Plaintiffs' consumer reports in violation of the Fair Credit Reporting Act. The statutory requirement that both Defendants did not have a "permissible purpose" under the Act for obtaining both reports has been satisfied and. is not at issue in this case.

**JURY INSTRUCTION NUMBER 19**

**(Willful Obtaining of a Consumer Report Under False Pretenses Violates the FCRA)**

Any person is liable for willful noncompliance with any requirement imposed under the Act. If you find that either or both of the defendants obtained a copy of the consumer report of either or both of the plaintiffs through willfulness you must find that either or both defendants violated the Act.

Comeaux v, Brown & Williams Tobacco Company, 915 F.2d 1264, 1273 (9th Cir. 1990)

**JURY INSTRUCTION NUMBER 20**

Plaintiffs claim that the Defendants willfully violated the Act by intentionally using their credit reports without a permissible purpose. Plaintiffs have the burden of proving the following related each of the alleged illegal uses:

That the Defendants each willfully violated the Act by obtaining and using Plaintiffs consumer credit reports on several occasions.

Jury Instructions __ through __ are to assist you in answering questions __ through__ on the Special Verdict Form.

**JURY INSTRUCTION NUMBER 21**

The term "willfully" means an omission or failure to do an act voluntarily and intentionally, and with specific intent to fail to do something the law requires to be done, in other words, with a purpose either to disobey or disregard the law.

To show "willful noncompliance with the Act, a consumer must show that the defendant knowingly and intentionally committed an act in conscious disregard for rights of others, but need not show malice or evil motive. That is, willful noncompliance requires that the defendant knows his or her conduct is unlawful.

**JURY INSTRUCTION NUMBER 22**

An act or omission is "knowingly" done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**JURY INSTRUCTION NUMBER 3**

**(Civil Liability for Willful Noncompliance by a natural person)**

The Fair Credit Reporting Act provides:

Any obtainer or user of information who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1)(A)any statutory damages between $100.00 and $1,000.00 sustained by the consumer as a result of each failure to comply; or

(1)(B) in the case of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose, …$1,000.00;

(2) such amount of punitive damages as the court may allow.

15 U.S.C. §l681n(a)(1)(A)(B) and (2)

## JURY INSTRUCTION NUMBER 24

If you find that a Defendant violated the FCRA in a willful manner, then you may award punitive damages against the Defendant who so acted. If there are one or more defendants who acted willfully, then you may award punitive damages against all the defendant who you find to have acted willfully.

15USC§1681n
Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va. 1990).

**JURY INSTRUCTION NUMBER 25**

**(Punitive Damages)**

If you choose to award punitive damages against a defendant under the FCRA, you may consider the following factors in assessing the award:

a) The remedial purpose of the Act;

b) The harm(s) to consumer intended to be avoided or corrected by the Act;

c) The manner in which the Defendant conducted itself; and

d) The Defendant's income and net worth.

Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694 (W. Va.. 1990)

**JURY INSTRUCTION NUMBER 26**

**(Denial of Credit is not a Prerequisite to Recovery)**

Denial of credit to plaintiffs Kathy Sather and/or Steven Sather is not a prerequisite to the recovery of statutory or punitive damages under the Act.

Guimond v. Trans Union Credit Corporation, 45 F.3d 1329, 1333 (9th Cir. 1995)

**JURY INSTRUCTION NUMBER 27**

Malice or evil motive need not be proven for you to award punitive damages under FCRA, but you need only find that the actions or inactions of either or both Defendants were willful.

Fischl v. CMAC, 708 F.2d 143 (5th Cir. 1983)

NOTE: Attorney fees $30K (TX App.) Butler v Holt Machinery Co., 741 S.W.2d 169. ROTC exempt, *see* F.D.I.C. v. Hughes Development Co., Inc., 684 F.Supp. 616, (D. Minn. 1988)

# JURY INSTRUCTION NUMBER 28

(Willful Noncompliance Standard)

Willful means that Defendant acted with a voluntary or conscious disregard for Plaintiffs' rights under the Fair Credit Reporting Act. You do not need to find that Defendant had malice or an evil motive in order to find that Defendant acted willfully.

Cushman v. Trans Union Corp.,115 F.3d 220, 227 (3rd Cir. 1997);
Stevenson v. TRW, Inc., 987 F.2d 288, 293 (5th Cir. 1993);
Pinner v. Schmidt, 805 F.2d 1258, 1263 (5th Cir. 1986);
Fischl v. GMAC, 708 F.2d 143, 151 (5th Cir. 1983);
Jones v. Credit Bureau of Huntington, Inc., 703 F.Supp. 897 (U.S.D.C. Kan. 1988).

**JURY INSTRUCTION NUMBER 29**

**(Civil Liability for Willful Noncompliance by entity other than a natural person)**

The Fair Credit Reporting Act provides:

Any obtainer or user of information which willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of--

(1)(A) any statutory damages between $100.00 and $1,000.00 sustained by the consumer as a result of each failure to comply;

(2) such amount of punitive damages as the court may allow.

15 U.S.C. §l681n(a)(1)(A) and (2)

**<u>JURY INSTRUCTION NUMBER 30</u>**

## 6.2.1 LIABILITY OF PRINCIPAL FOR ACTS OF AGENT — (SCOPE OF AUTHORITY NOT IN ISSUE)

Under the law, a corporation is a person. It can only act through its employees, agents, directors, or officers. Therefore, a corporation is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

<u>Jones v. Federated Fin. Reserve Corp.,</u> 144 F.3d 961, 965 (6th Cir. 1998) (a principal maybe held liable for the FCRA violation of its agent under the doctrine of apparent authority)

**JURY INSTRUCTION NUMBER 31**

Where a Defendant has willfully violated the FCRA, you may award punitive damages if you find that the Defendant allowed its agent to access Plaintiffs' credit report by reason of the Defendant's failure to properly train its agent and the Defendant's failure to have the agent's work checked by a second person, and the Defendant's actions adversely affected Plaintiff.

Jones v. Credit Bureau of Huntington, Inc., 399 S.E.2d 694, 703 (N. Va. 1990);
15 U.S.C. § 1681-l681t.

## JURY INSTRUCTION NUMBER 32

In order to award punitive damages under FCRA, you need not find that the Defendant has acted with malice or evil motive, but you need only find that the Defendant has acted willfully.

Jones v. Credit Bureau of Huntington, Inc., 399 S.B.2d 694 (W. Va. 1990).

**JURY INSTRUCTION NUMBER 33**

Upon retiring to the jury room, you will select one of your number to act as your presiding juror. The presiding juror will preside over your deliberations and will be your spokesperson here in Court. A form of special verdict has been prepared for your convenience. You will take this form to the jury room.

(READ FORM OF SPECIAL VERDICT)

You will note that questions 1 through __ call for a "Yes' or "No answer. The answer to each question must be the unanimous answer of the jury. Your presiding juror will write the unanimous answer of the jury in the space provided opposite each question. You will note that question 8 does not require a 'Yes" nor 'No" answer, but requires you to fill in a dollar amount. As with all other questions, your answer to this question must be the unanimous answer of the jury.

Your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide. You must not permit sympathy, prejudice, or emotion to influence your verdict.

After the jury has answered each of the questions asked, the presiding juror will date and sign the special verdict as so completed, and the jury will then return with it to the courtroom.

**JURY INSTRUCTION NUMBER 34**

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can do so without violence to individual judgment. You must each decide the case for yourself, but only after an impartial consideration of the evidence in the case with your fellow jurors. In the course of your deliberations, do not hesitate to reexamine your own views, and change your opinion, if convinced it is erroneous. But do not sin-render your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors, or for the mere purpose of returning a verdict.

Remember at all times that you are not partisans. You are judges of the facts. Your sole Interest is to seek the truth from the evidence in the case.

**JURY INSTRUCTION NUMBER 35**

You, as jurors, are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence to the contrary of the testimony given.

You should carefully scrutinize all the testimony given, the circumstances under which each witness has testified, and every matter in evidence which tends to show whether a witness is worthy of belief Consider each witness' intelligence, motive and state of mind, and demeanor or manner while on the stand. Consider the witness' ability to observe the matters as to which he/she has testified, and whether he/she impresses you as having an accurate recollection of these matters. Consider also any relation each witness may bear to either side of the case; the manner in which each witness might be affected• by the verdict; and the extent to which, if at all, each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause the jury to discredit such testimony. Two or more persons witnessing an incident or a transaction may see or hear it differently; and innocent misrecollection, like failure of recollection, is not an uncommon experience. In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, as you may think it deserves.

You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying to the existence or non-existence of any fact. You may find that the testimony of a small number of witnesses as to any fact is more credible than the testimony oft. larger number of witnesses to the contrary.

Dated this 30th day of June, 2005.

By: s/Thomas J. Lyons

**THOMAS LYONS & ASSOCIATES, P.A.**
Thomas J. Lyons
Attorney I.D. #: 65699
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr.
Attorney I.D. #: 0249646
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

ATTORNEYS FOR PLAINTIFFS