**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 01-CV-1370 (JNE/JGL)**

Steven Sather and Kathleen Sather,

Plaintiffs,

v.

Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,

Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF AMENDED MOTION IN LIMINE**

## INTRODUCTION

This case arises out of the Defendants' violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681b(f). Trial is scheduled to commence on July 11, 2005 concerning willfulness of Defendants' obtaining Plaintiff's consumer reports and liability and willfulness of Defendants using of those same reports. This case will focus on the conduct of the defendants, not the conduct of the plaintiffs. The Eighth Circuit has established the law of the case with respect to certain elements of the §1681b(f) claim, see Phillips v. Grendahl, 312 F.3d 357 (8th Cir. 2002), and Judge Erickson has made further factual findings resolving several of these elements. Therefore, Plaintiffs seek to have the evidence and arguments at trial limited to that which bears on the remaining issues aforementioned. Plaintiff brings this Motion in Limine and seeks a Protective Order excluding from trial:

1. Any evidence or argument going to the contents of Plaintiffs' credit reports;
2. Any evidence or argument relating to the Hennepin County lawsuit between the Wankes and SDBI, and the Plaintiffs' behavior therein prior to December 1, 1999;

3. Any evidence, argument, or inference that Defendants' non-lawyer staff was responsible for the Defendants' actions in this matter;

4. Any evidence, argument, or inference that Defendant Weintraut did not knowingly read and sign the Metro Legal FCRA Compliance Document [see Plaintiffs' proposed Exhibits 9-12];

5. Any evidence, argument, or inference as to what Robert Rode would state in testimony as to the intent or state of mind of Defendants.

6. Any evidence, inference, reference or argument as to the contents of Defendants proposed exhibits #1-11, 15, 16, 20, 23, 25-29 and 31-40 or the alleged conduct of the Plaintiffs herein or any companies with which they may have been associated with in the past prior to this trial.

7. Any reference, inference, argument or evidence in the person or testimony of defendants' proposed witness Charles Durenburger, an official with the Minnesota Department of Commerce regarding anything in this trial.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kathleen Sather is the sole shareholder of Sather Design/Build, Inc. (SBDI) a corporation engaged in the business of remodeling houses. Order for Partial Summary Judgment, at 1 (Civ. No. 01-1370 (JNE/JGL)). Her husband, Plaintiff Steven Sather, is either an employee or a consultant of the corporation. (Order, fn.1.) Keith and Linda Wanke hired SBDI for a project in 1998 but were dissatisfied with the result. (Id. at 2) The Wankes brought suit against SBDI and the Sathers individually. (Id.) The Sathers were eventually dismissed from the case, but the Wankes did obtain a judgment against SBDI. (Id.)

In an attempt to collect the judgment, the Wankes' counsel in the state court litigation, Defendant Steven Weintraut, submitted an application to the Minnesota contractor's recovery fund. (Id.) Even though the judgment only named SBDI, Weintraut's application included the Sathers' individual credit reports which he and his law firm Defendant Siegal Brill obtained from Metro Legal Services, Inc. (Id.) Defendants also filed the Sathers' credit reports in state court

and disseminated these to several others entities and individuals. (Id.)

The Sathers brought this action against attorney Steven Weintraut and his law firm, Seigel, Brill, Greupner, Duffy, & Foster, P.A. (collectively, Defendants) alleging numerous violations of the FCRA. (Id.) Defendants filed a Motion for Summary Judgment and Judge Erickson issued an Order which partially granted and partially denied the Motion. (Id, generally.)

Defendants asserted an affirmative defense that they had obtained and used the credit reports, but only with a permissible purpose. (Id. at 4-5.) The Court first analyzed the Defendants' asserted permissions and determined that the FCRA did not permit the Defendants' obtaining and usage of the Sathers' credit reports. (Id. at 4-6.) Second, the Court determined that a factual dispute still remained as to whether Defendants willfully or negligently violated the FCRA. (Id. at 6-8.) Third, the Court found that the Sathers had failed to sustain their burden of submitting evidence to support a claim for actual damages, and the Court granted Defendants' motion on the issue of actual damages. (Id. at 8.)

## ARGUMENT

### I. Eighth Circuit Law and Judge Erickson have limited the issues for trial in this case.

To prevail on a claim for civil liability under 15 U.S.C. §§ 1681n(a) or 1681o(a) for violations of 15 U.S.C. §1681b(f), a consumer must prove that:

1. There was a consumer report,
2. Which the Defendant used or obtained
3. Without a permissible statutory purpose,
4. Either willfully or negligently.

Philips, 312 F.3d at 364.

Of these elements, three have already been satisfied. Throughout the Order for Partial

Summary Judgment, exists a presumption that the Defendants have admitted that they did obtain and use the Sathers' credit reports. Intuitively, the Defendants could not have asserted their affirmative defense of having a "permissible purpose" without an implicit acknowledgment of the underlying use. This Court should recognize that the first element [that there was a consumer report] and the second element [that the Defendants obtained and used] are no longer in genuine dispute.

Judge Erickson's Order for Partial Summary Judgment also established that the Defendants did not have a permissible purpose in obtaining and/or using the Sathers' credit reports. (Order, at 4-6.) Defendants cannot argue that the Order merely preserved this issue for trial. The Court's language in this section is conclusive and explains unambiguously the reasons that Defendants' alleged permissible purposes do not apply. (Id. at 5 & 6.) Moreover, this reasoning and language of the Court sharply contrasts with the Court's subsequent language holding that "willfulness" still remained a genuine issue of fact. (Id. at 7-8.) This Court should further recognize, pursuant to its own reasoning, that the third element [whether the Defendants had a permissible purpose] is no longer in factual dispute. Accordingly, the only remaining element which requires resolution at trial and remains relevant is whether Defendants violated the FCRA willfully or negligently.

**II. Plaintiffs' Motions in Limine should be granted in their entirety because none of the evidence Plaintiffs seek to exclude is relevant to the remaining fact questions to be decided at trial, and even if such evidence were relevant, it would be unfairly prejudicial and likely to confuse or mislead the jury.**

Evidence which is not relevant is not admissible. Fed. R. Ev. 402. Even evidence that is relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue

delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Ev. 403. The rules further provide, "in jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions in the hearing of the jury." Fed. R. Ev. 103(d). Under the grant of broad authority to trial courts in Fed. R. Civ. P. 16 to conduct pretrial proceedings to enable effective management of the trial, evidentiary motions in limine are an appropriate means of preventing the impermissible suggestion of inadmissible evidence to the jury. See David F. Herr et al., Motion Practice § 18.04 (4th ed. and 2002 Supp.)

**A. Any evidence or argument going to the contents of Plaintiffs' credit reports should be excluded.**

As explained above, the only remaining factual issue is whether the Defendants were *willful* in violating the FCRA by obtaining and using the Sathers' credit reports. The contents of the Sathers' credit reports are not relevant to this issue and should be excluded pursuant to Fed. R. Ev. 402.

Moreover, in the event that the Sathers' credit reports contained any negative information about them, this information, if admitted, would present a serious danger of creating unfair prejudice or potentially confusing the jury as to the relevant issues. Therefore the contents of the Sathers' credit reports should also be excluded pursuant to Fed. R. Ev. 403.

Beyond the Federal Rules of Evidence, it should also be noted that inclusion of the credit reports in this trial would *not* be a permissible use under the FCRA. See 15 U.S.C. § 1681b.

**B. Any evidence or argument relating to the state trial between the Wankes and SDBI, and the Plaintiffs' behavior therein, should be excluded.**

Referring again to the limited scope of remaining factual issues, facts surrounding the

state trial between the Wankes and SBDI are not relevant to current trial. The Sathers' behavior in that preceding trial has absolutely no relevance to whether Defendants violated the FCRA. The only facts from the state trial which would arguably be relevant to the current trial are [1] the Wankes had a judgment against SBDI, but [2] Weintraut was trying to collect against the Sathers individually. Pursuant to Fed. R. Ev. 402, any other information regarding the state trial should be excluded.

Additionally, the non-relevant information regarding the state trial if admitted, would present a serious danger of creating unfair prejudice or potentially confusing the jury as to the relevant issues. Therefore the contents of the state trial between the Wankes and SBDI should also be excluded pursuant to Fed. R. Ev. 403.

**C. Any evidence, argument, or inference that non-lawyer staff was responsible for the Defendants' actions in this matter should be excluded.**

Plaintiffs anticipate that Defendants may attempt to assign responsibility for the FCRA violations upon their non-legal staff. Such evidence or argument would also be non-relevant. See e.g. Midwest Motor Sports v. Arctic Cat Sales, 347 F.3d 693, 698 (8th Cir. 2003) ("[A]n attorney is responsible for the misconduct of his non-lawyer employee or associate if the lawyer orders or ratifies the conduct.") In this case, Defendant Weintraut signed a FCRA compliance document prepared by Metro Legal Services, Inc. on May 5, 2000 [Plaintiffs' proposed Ex 9 and 10] in order to obtain the Sathers' credit reports. Any attempt by Defendants to assign responsibility to non-legal staff would be pre-empted by Midwest Motor Sports, and therefore non-relevant and should be excluded per Fed. R. Ev. 402. Furthermore, such an argument would be a waste of time and would also be properly excluded per Fed. R. Evid. 403.

**D. <u>Any evidence, argument, or inference that Defendant Weintraut did not knowingly read and sign a Metro Legal FCRA Compliance Document should be excluded.</u>**

Plaintiff anticipates Defendant Weintraut will attempt to argue that he did not intend or knowingly violate the Fair Credit Reporting Act despite the fact that he signed the certification that he read and understood the law. The Defendant should be estopped from backing away from the certification that he made to his vendor Metro Legal that in turn and based on the representation of Weintraut, accessed the Plaintiffs' consumer reports.

**E. <u>Any evidence, argument, or inference as to what Robert Rode would state in testimony should be excluded.</u>**

Defendants' eleventh hour attempt to spring a surprise witness on Plaintiff should be denied. Mr. Rode was an employee of Defendant law firm and known to Defendant since the inception of the action at bar. Despite this fact Defendant on June 8, 2005 supplemented its Rule 26(a)(1) Disclosures to add Rode as a witness who will apparently testify as to Defendant Weintraut's intent. Plaintiff is severely prejudiced by such late notice. Further, additional documents that Defendant has recently disclosed to and from Rode has been redacted without explanation or privilege log [Pl prop Ex 3 which appears to be the same as Def Proposed Ex #13; Def prop Ex 21 which appears to be the same as Pl #14; and, Def prop Ex 22]. Plaintiffs seek to exclude any testimony from Rode as irrelevant under FRE 402 as to the intent of Defendant Weintraut and the defendant law firm.

**F. <u>Any evidence, inference, reference or argument as to the contents of Defendants proposed exhibits #1-11, 15, 16, 20, 23, 25-29 and 31-40 or the alleged conduct of the Plaintiffs herein or any companies with which they may have been associated in the past should be excluded.</u>**

Referring again to the limited scope of remaining factual issues, facts surrounding the alleged conduct of the plaintiffs set forth in Def Proposed Ex 1 -11 are simply not relevant to current trial issues. The Sathers' alleged behavior in the time preceding trial or in the months leading up the filing of the lawsuit has absolutely no relevance to whether Defendants violated the FCRA when they pulled Plaintiffs credit reports in May of 2000. None of the alleged prior conduct as set out in the proposed def ex 1-11 has any bearing on the pulling of their credit reports, but rather would be used to smear the plaintiffs as unworthy of the protection of the FCRA and are totally devoid of any probative value, will tend to confuse the jury as to the real issues in this case, lengthen the trial unnecessarily, and waste the court's time. Pursuant to Fed. R. Ev. 402, any such argumnent of offer of evidence referring to or inferring from such information regarding the alleged conduct of the plaintiffs should be excluded.

Exhibits 15, 16, and 20 are cumulative and a waste of the court's time, unnecessarily lengthen the trial and will clog the record with needless repetition.

Similarly, Exhibits 23, 25-28 are not relevant and in particular #28 (offer of judgment) is protected under the terms of FRCP 68 and FRE 408.

Def. proposed Exhibit 29, Plaintiffs' responses to Defendants' interrogatories is objected to on ground of relevance to the remaining issues in the trial, namely wilfullness on the part of the defendants, statutory and punitive damages. The same objection applies to Def proposed Ex 31 and 32 which are the depo transcripts of the Plaintiffs in this action and have nothing to do with the conduct of the defendants which is the only focus of the trial.

The prejudicial and non probative nature of the Defendants' proposed exhibits 33-40 is obvious on the face of each exhibit. They are outside any relevant time period [33-37 are pre

credit report pull of 5-5-00, the central time point in this case], are grossly more prejudicial than probative at the broadest stretch of any issue remotely associated with any claim or defense in this case as narrowed by this court's order referred to above and obviously intended to prejudice the jury against the plaintiffs as being unworthy of the protections of the FCRA.

Likewise, after the illegal obtaining of the credit reports on May 12 and their impermissible use in the months there after, any action or inaction by the Commerce Department of the State of Minnesota against the corporate judgment debtor, SDBI, as shown or alleged in Def proposed Ex 38-40, are completely irrelevant, prejudicial to the plaintiffs in the eyes of the jury, non-probative of anything remotely connected to the issues in this case, confusing to the jury as to the rights of the plaintiffs under the FCRA, and a waste of time because SDBI is not a party to this lawsuit. See FRE 403.

**G. <u>Any reference, inference, argument or evidence in the person or testimony of defendants' proposed witness Charles Durenburger, an official with the Minnesota Department of Commerce should be excluded.</u>**

Any reference or evidence from, reference, to, or argument or inference regarding Charles Durenburger, an official with the State of Minnesota Department of Commerce should be excluded from the trial.

Charles Durenburger has nothing to say to this jury about any of the remaining factual issues in this case regarding the defendants' conduct in obtaining and using the credit reports of the plaintiffs and in fact is apparently being offered to dredge up old allegations against building and contracting companies with which the plaintiffs may have had some relationship, why the Wanke's didn't complete there quest for the Contractor's Recovery Fund, and Plaintiffs'

reputation for honesty in the community [see Defendants' (Amended) Witness list]. Whether a person is "good or bad" in the mind of this witness has no relevance to the issue of whether defendants' conduct in impermissibly pulling and using the credit reports of the plaintiffs was willful or not. See the court's Order for Partial Summary Judgment, at 1 (Civ. No. 01-1370 (JNE/JGL)) where the Court first analyzed the Defendants' asserted permissions and determined that the FCRA did not permit the Defendants' obtaining and usage of the Sathers' credit reports. (Id. at 4-6.) Second, the Court determined that a factual dispute still remained as to whether Defendants willfully or negligently violated the FCRA. (Id. at 6-8.) Nothing this witness could possibly offer for his testimony as proposed could do other than prejudice the plaintiffs in the eyes of the jury, nor could it contain anything of probative value to outweigh such prejudice, would unnecessarily lengthen the trial and cause confusion for the jury as to just what are the FCRA issues in this case.

## CONCLUSION

The trial court has narrowed the factual issues to those surrounding the conduct of the defendants and each of them in the time period from December 1, 1999 until approximately October 1, 2000. Whatever the plaintiffs did before during or after that time has no bearing on the conduct complained of in this lawsuit, namely the wilfull accessing and using of plaintiffs' credit reports. The damage issue is strictly statutory and governed by 15 USC §1681n and its subparts which include punitive damages. The proffered evidence and witness sought to be excluded by this motion have nothing to do with the conduct of the defendants or the plaintiffs' rights to damages under the statute, therefore the evidence and witnesses for reasons set forth above are just simply not relevant or probative of any remaining factual issue in this case.

Dated this 30th day of June, 2005.

By: s/ Thomas J. Lyons
**THOMAS LYONS & ASSOCIATES P.A.**
Thomas J. Lyons
Attorney I.D. #: 65699
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr.
Attorney I.D. #: 0249646
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

ATTORNEYS FOR PLAINTIFFS