**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Steven A. Sather and Kathleen Sather,

Plaintiffs,

v.

Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,

Defendants.

Court File No.: 01-CV-1370 (JNE/JGL)

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION IN LIMINE TO EXCLUDE PLAINTIFFS' EXHIBITS**

---

To: Plaintiffs Steven A. Sather and Kathleen Sather and their attorneys, Thomas Lyons, Jr., Esq., Thomas Lyons & Associates, P.A., 342 East County Road D, Little Canada, MN 55117.

## INTRODUCTION

Defendants make this Motion in Limine to preclude evidence the Sathers failed to produce during discovery. Defendants brought a motion to compel against the Sathers for their failure to respond to discovery requests. The Sathers were ordered to respond to Defendants' written discovery requests. The Sathers finally produced a number of documents they claimed to be responsive to the requests. Now the Sathers are attempting to introduce evidence at trial which was not disclosed or supplemented during discovery.

Defendants have never seen a number of the documents the Sathers intend on introducing at trial until they were produced as exhibits. The Sathers have failed to comply with the discovery process and Court's order. As a result, Defendants have been

unfairly prejudiced. Therefore, the exhibits which weren't produced during discovery should be excluded from trial.

## FACTUAL BACKGROUND

Defendants served the Sathers with Interrogatories and Requests for Production of Documents on March 22, 2002. The Sathers failed to respond so Defendants brought a Motion to Compel. On May 30, 2002, this Court ordered the Sathers to respond to the outstanding discovery requests within three days of the order. (Propson Decl., Ex. A) The Sathers did not respond until June 24 – one day before Defendants' Motion for Order to Show Cause was to be heard before the Court.[1] (Propson Decl., Ex. B and Ex. C).

Request 3 of Defendants' Request for Production of Documents asked for "all exhibits which [the Sathers] propose to introduce at trial." (Propson Decl., Ex. B) The Sathers produced a number of documents. However, there are a number of exhibits Plaintiffs have listed on their Trial Exhibit List which were never produced during discovery.

The following exhibits were never produced during discovery (Propson Decl. ¶2):

| PLAINTIFFS' EXHIBIT | EXHIBIT DESCRIPTION |
|---|---|
| Plaintiffs' Exhibit 1 | Letter from Def. Weintraut to Blake Nelson dated 12/9/99 |
| Plaintiffs' Exhibit 2 | Verdict Form dated 1/7/00 |
| Plaintiffs' Exhibit 4 | 1st Affidavit of Identity Judgment |
| Plaintiffs' Exhibit 5 | Amended Affidavit of Judgment Debtor dated 2/21/00 |
| Plaintiffs' Exhibit 8 | Letter from Blake Nelson to Def. Weintraut dated 3/1/00 |

[1] The documents produced by the Sathers after the Defendants prevailed in their Motion to Compel,were bates labeled with the prefix "COPY." (Propson Decl., Ex. D, Steven Sather Depo. pp. 30-31).

| | |
|---|---|
| Plaintiffs' Exhibit 9 | Asset Search and Skip Trace Request Form dated 5/5/00 |
| Plaintiffs' Exhibit 10 | Consumer Credit Report Request dated 5/5/00 |
| Plaintiffs' Exhibit 11 | Fax Cover Sheet to Metro requesting DMV dated 5/8/00 |
| Plaintiffs' Exhibit 13 | Letter from Blake Nelson to Def. Weintraut dated 5/22/00 |
| Plaintiffs' Exhibit 17 | Letter from Blake Nelson to Def. Weintraut dated 6/28/00 |
| Plaintiffs' Exhibit 18 | Letter from Blake Nelson to Court filing Stipulation dated 6/30/00 |
| Plaintiffs' Exhibit 19 | Letter from Blake Nelson to Def. Weintraut dated 8/1/00 |
| Plaintiffs' Exhibit 21 | Siegel Brill's cover letter to the Minnesota Department of Commerce dated 8/24/00 |
| Plaintiffs' Exhibit 22 | Siegel Brill's cover letter to John Markve at Helmuth & Johnson dated 8/24/00 |
| Plaintiffs' Exhibit 26 | Supplemental Affidavit of Steven Weintraut dated 9/22/00 |
| Plaintiffs' Exhibit 30 | Copy of Defendant Law Firm's Website |
| Plaintiffs' Exhibit 31 | Affidavit of Service dated 9/7/00 |

Defendants have not been able to conduct additional investigations regarding the significance of these exhibits in the short amount of time since receiving them. Defendants are at a disadvantage and are unfairly prejudiced by the introduction of these exhibits at the last hour before trial. Accordingly, Defendants request the exhibits be excluded from trial.

## LEGAL ARGUMENT

### I. Standard for Excluding Evidence.

The trial court has broad discretion in determining the admissibility of evidence. Jones v. TEK Indus., Inc., 319 F.3d 355, 360 (8th Cir. 2003). Of course, only relevant evidence is admissible. FED. R. EVID. 402. Relevant evidence is "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401. The Court may exclude relevant evidence if its probative value is "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." Fortune Funding, LLC v. Ceridian Corp., 368 F.3d 985, 990 (8th Cir. 2004) (citing FED. R. EVID. 403).

Evidence may also be excluded under the Federal Rules of Civil Procedure based on failure to comply with the discovery rules. Rule 37 states in relevant part:

> A party that without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) or to amend a prior response to discovery as required by Rule 26(e)(2), is not, unless such failure is harmless, permitted to use as evidence at trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. Pro. 37(c)(1).

"In determining whether the automatic exclusion provisions of Rule 37(c)(1) should apply, the Court should consider the following four factors in assessing the substantiality of any proffered justification for the failure to disclose, as well as the harmlessness of that failure: 1) the importance of the excluded material; 2) the explanation of the party for its failure to comply with the required disclosure; 3) the

potential prejudice that would arise from allowing the material to be used at Trial, or on a Motion; and, 4) the availability of a continuance to cure such prejudice." Transclean Corp. v. Bridgewood Servs., Inc., 101 F.Supp.2d 788, (D. Minn. 2000) 795-95 (citing Transclean Corp. v. Bridgewood Services, Inc., 77 F.Supp.2d 1045, 1064 (D. Minn. 1999) (citing Citizens Bank v. Ford Motor Co., 16 F.3d 965, 966 (8th Cir. 1994)); Millen v. May Foundation, 170 F.R.D. 462, 465 (D. Minn. 1996); Trilogy Communications, Inc. v. Times Fiber Communications, Inc., 109 F.3d 739, 744 (Fed. Cir. 1997)).

## II. The Sathers should not be allowed to produce for trial documents that were responsive to Defendants' discovery requests but that the Sathers never produced during discovery.

The objective of pretrial discovery is to allow a party to obtain all the facts relative to a claim or defense. See Garrity v. Kemper Motor Sales, 280 Minn. 202, 159 N.W.2d 103 (1968). The Rules of Civil Procedure require the disclosure of all witnesses and documents used to support any claim or defense. Fed. R. Civ. P. 26(a)(1). The duty to supplement Rule 26(a)(1) disclosures is ongoing. Fed. R. Civ. P. 26(e)(1).

Rule 26(b) of the Rules of Civil Procedure also governs the scope of pretrial discovery. That rule provides a wide latitude of discovery for a party to obtain information regarding any matter that is relevant to the subject matter of the pending action.

> Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter.

Fed. R. Civ. P. 26(b)(1). They may do so using various discovery tools such as interrogatories and requests for production of documents. Fed. R. Civ. P. 33 and 34.

The Sathers failed to cooperate in the discovery process throughout this matter. On March 22, 2002, Defendants served upon Plaintiffs interrogatories and document requests. Despite several requests from Defendants' counsel for responses to these discovery requests, Defendants were forced to bring a motion to compel. Plaintiffs still did not respond until June 24, 2002 -- almost two months after the responses were due, and 21 days after the deadline ordered by the Court in response to the motion to compel.

The Sathers are now attempting to introduce as evidence at trial, documents which were responsive to Defendants discovery requests but never produced by the Sathers. Further, these exhibits were never disclosed on the Sathers' mandatory initial disclosures.

Defendants' counsel could not properly evaluate the Sathers' claims without all relevant documentation. The Sathers' unwillingness to respond to Defendants' discovery requests hindered Defendants' efforts to determine the scope of, and basis for, the Sathers' claims. The Sathers' unwillingness to respond also hindered Defendants' ability to prepare a defense in this case. Since the Sathers failed to provide Defendants with all relevant documents, especially those documents the Sathers intend on introducing at trial, Defendants have been unable to fully evaluate and defend this case.

The Sathers should not be allowed to use as evidence at trial, documents which were never produced or disclosed during discovery. First of all, the use of such materials significantly prejudices the Defendants and the Sathers should not be allowed to benefit from their refusal to comply with the discovery rules or this Court's order. Furthermore,

the Sathers have failed to provide a reason for their failure to produce them during discovery. The only logical conclusion is that these documents were not relevant or responsive to Defendants' discovery requests. In that case, they are not important and should be excluded. In light of the Sathers' failure to cooperate in the discovery process throughout this matter, the court should exclude all documents produced by the Plaintiffs for trial that were not turned over during the course of discovery.

## CONCLUSION

For all the foregoing reasons, Defendants respectfully requests that this court grant the Defendants motion to exclude Exhibits 1, 2, 4, 5, 8, 9 , 10, 11, 13, 17, 18, 19, 21, 22, 26, 30 and 31 because the Sathers failed to produce them during discovery.

Dated: July 11, 2005

__s/Thomas E. Propson______________
**THOMAS E. PROPSON** (#231046)
**JAMIE L. SATHER** (#323391)
**MEAGHER & GEER, PLLP**
33 South Sixth Street
Suite 4200
Minneapolis, Minnesota 55402
(612) 338-0661

*Attorneys for the Defendants.*