**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Steven A. Sather, and,
Kathleen M. Sather,

Civil File No.01-CV-1370 (JEL/JGL)

Plaintiffs,

vs.

**PLAINTIFFS' ANSWERS TO DEFENDANTS' INTERROGATORIES**

Steven J. Weintraut, and
Siegel, Brill, Greupner, Duffy & Foster, P.A.,
a Minnesota corporation,

Defendants.

---

**TO: DEFENDANTS, C/O their attorney: Clint S. Bogden, Meagher & Geer, P.L.L.P., 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402**

Plaintiffs submit these answers to Defendants' request for answers to interrogatories, stating as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Plaintiffs object to Defendants' instructions. Plaintiffs will respond to these interrogatories as requested by the Federal Rules of Civil Procedure. Plaintiffs make these answers without waiving any issue of competency, relevancy, materiality, privilege, scope and/or admissibility of any evidence. Plaintiffs reserve the right to supplement and/or amend these answers as Plaintiffs' investigation, discovery and preparation for trial continue. Plaintiffs object to Defendants' request for answers to interrogatories to the extent that any request exceeds the burdens or obligations mandated by the Federal Rules of Civil Procedure.

Plaintiffs object to Defendants' request for answers to interrogatories to the extent that Defendants seek information and/or documents (i) prepared in anticipation of litigation or for trial, (ii) reflecting the mental impressions, conclusions, opinions or legal theories of Plaintiffs' attorney,

(iii) protected from disclosure by virtue of the attorney-client privilege; and/or that are proprietary and/or confidential.

Plaintiffs object to Defendants' request for answers to interrogatories to the extent that the Interrogatories seek information and documents (i) pertaining to time periods and transactions irrelevant to the issues of this lawsuit, (ii) pertaining to persons not currently named as Plaintiffs or Defendants to this case, (iii) beyond the scope of permissible discovery, and/or (iv) otherwise not discoverable pursuant to the Federal Rules of Civil Procedure.

In addition to the foregoing general objections, Plaintiffs lodge specific objections to some of Defendants' discovery requests as indicated with greater particularity below.

## ANSWERS TO INTERROGATORIES AND SPECIFIC OBJECTIONS

Interrogatory 1. State the full names and addresses of all persons who provided information used to prepare the answers to these interrogatories.

**ANSWER:**

1. **Eric L. Crandall, 275 South Third Street, Stillwater, MN**
2. **Steven A. Sather, 10432 Purdy Road, Eden Prairie, MN**

Interrogatory 2. State the names and addresses of all persons who have or claim to have any knowledge or information concerning the matters alleged in the complaint and describe the information or knowledge possessed by the individual.

**ANSWER:**

1. **Eric L. Crandall, 275 South Third Street, Stillwater, MN**
2. **Steven A. Sather, 10432 Purdy Road, Eden Prairie, MN**
3. **Kathleen M. Sather, 10432 Purdy Road, Eden Prairie, MN**
4. **Linda Wanke**
5. **Steve Peterson, Metro Legal, 330 Second Avenue South, Suite 150, Minneapolis, MN**

6. **Steve Weintrout, 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN**

7. **Robert F. Rode, 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN 55401**

8. **Siegel, Brill, Greupner, Duffy & Foster, P.A., 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN**

9. **Carrie Stewart, Greupner, Duffy & Foster, P.A., 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN**

10. **Charles Durenburger**

11. **Victoria Cameron Rico**

12. **Blake Nelson**

13. **Defendants' Witnesses**

14. **Others to be identified**

Interrogatory 3. Identify and list any document or physical material, including, but not limited to, any written, printed, typed, recorded or graphic material in any form however produced or reproduced, which pertains to the matters alleged in the complaint.

**ANSWER:**

1. **See documents produced in response to Defendants' request for production of documents.**

2. **Wanke v. Sather Design/Build, Inc., Court File No.: CT-99-1343**

3. **In re: Sather Design/Build, Inc.**

Interrogatory 4. State the name, address, telephone number, title, place of employment and field of expertise of each person whom you intend to call as an expert witness at the trial of this matter. For each expert witness, state:

1. The subject matter on which the expert is expected to testify;
2. The substance of the facts and opinions to which the expert is expected to testify;
3. A summary of the grounds for each opinion to which the expert is expected to testify.

**ANSWER:** **None**

Interrogatory 5. Identify, as to each such expert listed in the preceding interrogatory, all documents, treatises, books, studies, or other materials upon which said expert may rely on for information or support for his/her opinions

**ANSWER:** **None**

Interrogatory 6. Identify all facts and documents that support your contention that the Defendants filed your credit reports with the Department of Commerce or the Minnesota Secretary of State.

**ANSWER:**

1. **See documents produced in response to Defendants' request for production of documents.**
2. **See Rode cover letter to MN Secretary of State dated August 24, 2000, an attached documentation.**

Interrogatory 7. Identify all facts that you contend support your allegation that Plaintiffs future access to credit has been impaired as alleged in Paragraph 20 of your complaint.

ANSWER: **Plaintiffs' FICO score was learned by the pull appearing on or about May 12, 2002**

Interrogatory 8. Identify all facts that you contend support your allegation that Plaintiffs have suffered emotional distress, loss of privacy, mental anguish, anger, frustration, embarrassment and other damages as alleged in Paragraph 21 of your complaint.

ANSWER: **Pulling and dissemination of credit reports**

Interrogatory 9. Identify all facts that you contend support your claims for actual damages, including without limitation a specific quantification of all actual damages you have suffered.

ANSWER: **Assuming actual damages exclude the above, Plaintiffs' actual damages include loss of business and reputation in the community. A specific number will be presented at trial.**

Interrogatory 10. List all damages, including any injuries, you claim to have suffered as a result of the matters alleged in the complaint not already provided in these answers to the interrogatories.

ANSWER:

1. **Statutory damages per 15 U.S.C. § 1681n(a)(1).**
2. **Punitive damages per 15 U.S.C. § 1681n(a)(2)**
3. **Attorney fees and costs per 15 U.S.C. § 1681n(a)(3) & 15 U.S.C. § 1681o(a)(2).**

<u>Interrogatory 11.</u> If you have been seen or treated by any person for the emotional distress or other physical or mental conditions alleged in the complaint, please identify the person, address, and telephone number of each person from whom you sought treatment and describe what treatment was prescribed.

**ANSWER:** **No**

<u>Interrogatory 12.</u> Have you ever been a party to a legal action of any kind, including any civil or criminal action in state or federal court, arbitration, union grievance, or proceeding? If yes, state the nature of the proceeding, whether you were the plaintiff, defendant, complainant, or respondent, the title and/or file number of the proceeding, including the venue or jurisdiction, and the ultimate determination or resolution.

**ANSWER:**

**1. No criminal proceedings**

**2. Civil proceedings:**

**A) <u>Aames v. Sather</u>, Court File No.: 98-3257 (Henn. County Dist. Court) (Mortgage foreclosure - Aames mortgage was foreclosed)**

**B) <u>Wanke v. Sather</u>, Court File No.: CT-99-1343 (Henn. County Dist. Court)**

**C) Various business cases**

Interrogatory 13. Set forth in detail each and every conversation you claim to have had with any person, including without limitation, the Defendants or their representatives, pertaining to any issue that describes, relates to, or involves any allegation to this complaint, identifying the time and place of each conversation, who was present, and what was said by each person who was present.

**ANSWER:**

1. **John Malnoti, Controller, C.H. Carpenter Lumber, Inc.**
   **Pete Heger, Salesperson, C.H. Carpenter Lumber, Inc.**

   **These men told Steve that another contractor told them about Steve Sather's personal credit information.**

2. **Linda Wanke, Eden Prairie, MN**

   **Ms. Wanke disseminated information from the Sathers' credit report.**

3. **Kaitlin McGuire, Eden Prairie, MN**

   **Ms. McGuire told the Sathers' son, Matt Sather about Steve and Kathy Sather's personal credit information.**

Interrogatory 14. Identify any and all facts that support your position the Siegel Brill violated 15 U.S.C. § 1681n by willfully and/or recklessly accessing Plaintiffs' credit file without a permissible purpose or authorization under the FCRA, as stated in Paragraph 22 (a) of the complaint.

**ANSWER:** **Defendants' ordered a copy of Steve and Kathy Sather's credit reports from Metro Legal. After receiving the same, Defendants filed copies of these reports with the Hennepin County District Court, the Minnesota Department of Commerce, the Minnesota Secretary of State, and gave copies to Linda Wanke.**

Interrogatory 15. Identify any and all facts that support your position that Siegel Brill violated 15 U.S.C. §1681o by negligently accessing Plaintiffs' credit file without a permissible purpose or authorization under the FCRA, as stated in Paragraph 22 (b) of the complaint.

ANSWER: **See answer to Interrogatory 14.**

Interrogatory 16. Identify any and all facts that support your position that Siegel Brill violated 15 U.S.C. § 1681q by willfully and/or recklessly accessing Plaintiffs' credit file without a permissible purpose or authorization under the FCRA, as stated in Paragraph 22 (c) of the complaint.

ANSWER: **See answer to Interrogatory 14.**

Interrogatory 17. Identify any and all facts that support your position that Siegel Brill violated 15 U.S.C. 1681b(f) by willfully and/or recklessly accessing Plaintiffs' credit file without a permissible purpose or authorization under the FCRA, as stated in Paragraph 22 (d) of the complaint.

ANSWER: **See answer to Interrogatory 14.**

Interrogatory 18. Identify all facts that you contend support your claim for punitive damages as alleged in your complaint.

ANSWER: **See answer to Interrogatory 14.**

I, Steven A. Sather, have assisted in the preparation and have reviewed my answers to Defendants' Interrogatories. After duly being sworn under oath, I state and allege that they are true and correct to the best of my knowledge.

Dated: June 24, 2002

Steven A. Sather

Subscribed and sworn to before me
this 24 day of June, 2002.

Notary Public

ERIC L. CRANDALL
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2005

I, Kathleen Sather, have assisted in the preparation and have reviewed my answers to Defendants' Interrogatories. After duly being sworn under oath, I state and allege that they are true and correct to the best of my knowledge.

Dated: June 24, 2002

Kathleen Sather

Subscribed and sworn to before me
this 24 day of June, 2002.

Notary Public

ERIC L. CRANDALL
NOTARY PUBLIC - MINNESOTA
MY COMMISSION EXPIRES
JANUARY 31, 2005

**AS TO OBJECTIONS.**

Date: June 24, 2002

Signed:

Eric L. Crandall, Esq.
Attorney for Plaintiffs
275 South Third Street
Suite 101
Stillwater, MN 55082
(651) 430-8187
Minn. Atty. Lic. No. 189492

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Steven A. Sather, and,
Kathleen M. Sather,

Civil File No.01-CV-1370 (JEL/JGL)

Plaintiffs,

vs.

**PLAINTIFFS' RESPONSE TO DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS AND STATEMENTS**

Steven J. Weintraut, and
Siegel, Brill, Greupner, Duffy & Foster, P.A.,
a Minnesota corporation,

Defendants.

---

**TO: DEFENDANTS, C/O their attorney: Clint S. Bogden, Meagher & Geer, P.L.L.P., 4200 Multifoods Tower, 33 South Sixth Street, Minneapolis, MN 55402**

Plaintiffs submit these responses to Defendants' request for production of documents, stating as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

Plaintiffs object to Defendants' instructions. Plaintiffs will respond to these interrogatories as requested by the Federal Rules of Civil Procedure.

Plaintiffs make these answers without waiving any issue of competency, relevancy, materiality, privilege, scope and/or admissibility of any evidence.

1. Plaintiffs' search for information and documentation in connection with Defendants' request for production of documents was conducted with the necessary degree of diligence to locate responsive information and documents. However, Plaintiffs have not yet fully completed either discovery or its internal investigation of facts and documents relating to this action. Accordingly,

Plaintiffs reserve the right to revise, correct, add to, supplement, or clarify any of its responses to Defendants' request for production of documents.

2. Plaintiffs object to Defendants' request for production of documents to the extent that they call for information or documents which are protected by the attorney-client privilege, the work product doctrine, proprietary rights, or are otherwise privileged or confidential.

3. Plaintiffs' responses to Defendants' request for production of documents are made without in any way intending to waive:

(a) all questions as to competency, relevancy, materiality, privilege, scope and/or admissibility as evidence;

(b) the right to object to the use of any of these responses, the documents produced in connection with any of these responses, or the subject matter thereof in any subsequent proceeding or any other action; and

(c) the right to object on any ground at any time to a demand for further response to Defendants' request for production of documents or any other document requests or discovery procedures involving or relating to the subject matter of Defendants' request for production of documents.

4. Plaintiffs object to these requests to the extent any request exceeds the burden provided for by the Federal Rules of Civil Procedure. Plaintiffs object to Defendants' request for answers to interrogatories to the extent that the interrogatories seek information and documents (i) pertaining to time periods and transactions irrelevant to the issues of this lawsuit, (ii) pertaining to persons not currently named as Plaintiffs or Defendants to this case, (iii) beyond the scope of permissible discovery, and/or (iv) otherwise not discoverable pursuant to the Federal Rules of Civil Procedure.

5. Plaintiffs object to producing responsive documents at any location other than the offices of Eric L. Crandall, unless and except as to these documents attached or enclosed herein.

6. Plaintiffs hereby preserve all of the above preliminary objections as to each and every request, and states that Plaintiffs will only produce documents consistent with these objections as well as the particular objections that apply to individual requests.

## RESPONSES AND SPECIFIC OBJECTIONS

Request 1. All documents identified in response to Defendants' interrogatories to Plaintiffs served herewith.

**RESPONSE 1. Defendants' requests for production of documents seeks production of over 1000 pages of documents, the vast majority of which are already in Defendants possession. Defendants also seeks production of the contents of Metro Legal Services, Inc.'s file regarding Defendants pulling/accessing of plaintiffs credit reports. These documents were previously produced to Defendants. Notwithstanding the breadth and overreaching nature of Defendants' requests, enclosed are copies of the relevant portions of Wanke v. Sather Design/Build, Court File No. CT-99-1343, copies of the Metro Legal file referenced above, obtained through subpoena and previously produced by Plaintiffs to Defendants.**

Request 2. All written materials pertaining to any of the allegations in your complaint, including, but not limited to, diaries, journals, letters, logs, calendars, meeting notes, personal notes and any and all e-mails.

**RESPONSE 2. See response to document request #1. Plaintiffs have not kept diaries, journals, or notes regarding the allegations in Plaintiffs' complaint. Letters concerning the allegations in Plaintiffs' complaint are produced as part of the correspondence in Wanker v. Sather.**

Request 3. All exhibits which you propose to introduce at trial.

**RESPONSE 3. See response to document request #1.**

Request 4. All correspondence, including attachments thereto, exchanged between the parties named in this litigation, including any and all written communications from or to Siegel Brill, its employees, agents, or representatives.

**RESPONSE 4. See response to document request #1.**

Request 5. Any and all documents that you contend support, describe, relates to, or refers in any way to the allegations set forth in your complaint.

**RESPONSE 5. See response to document request #1.**

Request 6. All documents, correspondence, telephone records, memoranda, etc., which pertain in any way to the judgment awarded to Keith and Linda Wanke against Sather Design/Build, Inc., d/b/a Sather Room Additions.

**RESPONSE 6. See response to document request #1.**

Request 7. All documents, pleadings, court documents, correspondence, telephone records, memoranda, or other documents which pertain in any way to Siegel Brill's attempts to collect the judgment awarded to Keith and Linda Wanke against Sather Design/Build, Inc., d/b/a Sather Room Additions.

**RESPONSE 7. See response to document request #1.**

<u>Request 8.</u> All documents which pertain in any way to your ownership in or control of Sather Design/Build, Inc., including, but not limited to, any articles of incorporation, bylaws, minutes, filings with the Secretary of State's office for the State of Minnesota or any other state, financial records, corporate tax returns, balance sheets, documents reflecting the identity members of the board of directors, documents reflecting the identity of corporate officers, documents reflecting the identity of corporate employees, agents, or principals, or other documents pertaining to Sather Design/Build.

**RESPONSE 8. See response to document request #1. The majority of these documents are contained in the Metro Legal file, where Defendant ordered a record and asset search of the Plaintiffs.**

<u>Request 9.</u> All documents that you contend support your claim for punitive damages as alleged in Paragraph 23 of your complaint.

**RESPONSE 9. See response to document request #1.**

<u>Request 10.</u> All documents that you contend support your claim for attorney fees, including without limitation all documents that relate to your retention and fee agreement with legal counsel in the action, including copies of retainer agreements.

**RESPONSE 10. See response to document request #1.**

Request 11. All documents that you contend support your claim for actual damages as alleged in Paragraph 23 of the complaint.

**RESPONSE 11. See response to document request #1.**

Request 12. Any and all documentation evidencing or establishing your claim for medical, psychiatric, psychological, or other health care costs.

**RESPONSE 12. See response to document request #1.**

Request 13. Any and all documents that you contend support any damages you intend to claim that have not already been produced in response to these requests for documents.

**RESPONSE 13. See response to document request #1.**

Request 14. Any and all documents that evidence or support your allegation that Plaintiffs have suffered an impairment in their access to credit.

**RESPONSE 14. See response to document request #1.**

Request 15. Any and all documents that you intend to rely upon in this action which have not already been included in your responses to the above requests for production of documents.

**RESPONSE 15. See response to document request #1.**

Date: June 24, 2002

Signed: ______________________

Eric L. Crandall, Esq.
Attorney for Plaintiffs
275 South Third Street
Suite 101
Stillwater, MN 55082
(651) 430-8187
Minn. Atty. Lic. No. 189492

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

Steven A. Sather, and,
Kathleen M. Sather,

Civil File No.01-CV-1370 (JEL/JGL)

Plaintiffs,

vs.

**CERTIFICATE OF SERVICE**

Steven J. Weintraut, and
Siegel, Brill, Greupner, Duffy & Foster, P.A.,
a Minnesota corporation,

Defendants.

---

**IT IS HEREBY CERTIFIED** that on June 24, 2002, a true and correct copy of *Plaintiffs' responses to Defendants' requests for interrogatories, Plaintiffs' responses to Defendants' requests for documents, and copies of documents* were served by personal delivery on:

Clint S. Bogden, Esq.
Meagher & Geer, P.L.L.P.
4200 Multifoods Tower
33 South Sixth Street
Minneapolis, MN 55402

DATED: June 24, 2002

Eric L. Crandall, Esq.
Attorney for Plaintiffs
275 South Third Street
Suite 101
Stillwater, MN 55082
(651) 430-8187
Mn. Atty Lic. No. 189492