**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
**COURT FILE NO.: 01-CV-1370 (JNE/JGL)**

Steven Sather and Kathleen Sather,

Plaintiffs,

v.

Steven J. Weintraut and Siegel, Brill, Greupner, Duffy and Foster, P.A., a Minnesota corporation,

Defendants.

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION IN LIMINE AND MOTION TO STRIKE EVIDENCE AND ARGUMENT PRESENTED AT TRIAL**

## INTRODUCTION

This case arises out of the Defendants' violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681b(f). Trial began yesterday on July 11, 2005 concerning willfulness of Defendants' obtaining Plaintiff's consumer reports and liability and willfulness of Defendants' use of the same reports. This case will focus on the conduct of the defendants, not the conduct of the plaintiffs. The Eighth Circuit has established the law of the case with respect to certain elements of the FCRA claim, see Phillips v. Grendahl, 312 F.3d 357 (8th Cir. 2002), and Judge Erickson has made further factual findings resolving several of these elements. Therefore, Plaintiffs seek to have the evidence and arguments at trial limited to that which bears on the remaining issues aforementioned. Plaintiffs bring this Motion in Limine and seek a Protective Order excluding from trial:

1. Any evidence, reference or argument going to the contents or discussions of a settlement offer by Defendants in this matter.
2. Any evidence, reference or argument that non-lawyer personnel are responsible for causing Defendants to violate the Fair Credit Reporting Act.

Plaintiffs also hereby bring this Motion to Strike the following:

1. Any evidence, reference or argument already presented going to the contents or discussions of a settlement offer by Defendants in this matter.

2. Any evidence, reference or argument already presented that non-lawyer personnel are responsible for causing Defendants to violate the Fair Credit Reporting Act.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Kathleen Sather is the sole shareholder of Sather Design/Build, Inc. (SBDI) a corporation engaged in the business of remodeling houses. Order for Partial Summary Judgment, at 1 (Civ. No. 01-1370 (JNE/JGL))(hereinafter "Order".) Her husband, Plaintiff Steven Sather, is either an employee or a consultant of the corporation. (Order, fn.1.) Keith and Linda Wanke hired SBDI for a project in 1998 but were dissatisfied with the result. (Id. at 2) The Wankes brought suit against SBDI and the Sathers individually. (Id.) The Sathers were eventually dismissed from the case, but the Wankes did obtain a judgment against SBDI. (Id.)

In an attempt to collect the judgment, the Wankes' counsel in the state court litigation, Defendant Steven Weintraut, submitted an application to the Minnesota contractor's recovery fund. (Id.) Even though the judgment only named SBDI, Weintraut's application included the Sathers' individual credit reports which had been obtained from Metro Legal Services, Inc. (Id.) Defendants also filed the Sathers' credit reports in state court and disseminated these to several other entities and individuals. (Id.)

The Sathers brought this action against attorney Steven Weintraut and his law firm,

Seigel, Brill, Greupner, Duffy, & Foster, P.A. (collectively, Defendants) alleging numerous violations of the FCRA. (Id.) Defendants filed a Motion for Summary Judgment and Judge Erickson issued an Order which partially granted and partially denied the Motion. (Id, generally.)

Defendants asserted an affirmative defense that they had obtained and used the credit reports, but only with a permissible purpose. (Id. at 4-5.) The Court first analyzed the Defendants' asserted permissions and determined that the FCRA did not permit the Defendants' obtaining and usage of the Sathers' credit reports. (Id. at 4-6.) Second, the Court determined that a factual dispute still remained as to whether Defendants willfully or negligently violated the FCRA. (Id. at 6-8.) Third, the Court found that the Sathers had failed to sustain their burden of submitting evidence to support a claim for actual damages, and the Court granted Defendants' motion on the issue of actual damages. (Id. at 8.)

## ARGUMENT

### I. Eighth Circuit Law and Judge Erickson has limited the issues for trial in this case.

To prevail on a claim for civil liability under 15 U.S.C. §§ 1681n(a) or 1681o(a) for violations of 15 U.S.C. §1681b(f), a consumer must prove that:

1. There was a consumer report,
2. Which the Defendant used or obtained
3. Without a permissible statutory purpose,
4. Either willfully or negligently.

Philips, 312 F.3d at 364.

Of these elements, three have already been satisfied. Throughout the Order for Partial Summary Judgment, exists a presumption that the Defendants have admitted that they did obtain

and use the Sathers' credit reports. Intuitively, the Defendants could not have asserted their affirmative defense of having a "permissible purpose" without an implicit acknowledgment of the underlying use. This Court should recognize that the first element [that there was a consumer report] and the second element [that the Defendants obtained and used] are no longer in genuine dispute.

Judge Erickson's Order for Partial Summary Judgment also established that the Defendants did not have a permissible purpose in obtaining and using the Sathers' credit reports. (Order, at 4-6.) Defendants cannot argue that the Order merely preserved this issue for trial. The Court's language in this section is conclusive and explains unambiguously the reasons that Defendants' alleged permissible purposes do not apply. (Id. at 5 & 6.) Moreover, this reasoning and language of the Court sharply contrasts with the Court's subsequent language holding that "willfulness" still remained a genuine issue of fact. (Id. at 7-8.) This Court should further recognize, pursuant to its own reasoning, that the third element [whether the Defendants had a permissible purpose] is no longer in factual dispute. Accordingly, the only remaining element which requires resolution at trial and remains relevant is whether Defendants violated the FCRA willfully or negligently.

## II. Plaintiffs' Motion in Limine and Motion to Strike should be granted in their entirety because none of the evidence, references and argument Plaintiff seeks to exclude is relevant to the remaining fact questions to be decided at trial, and even if these were relevant, they would be unfairly prejudicial and likely to confuse or mislead the jury.

### A. Legal Standard for Excluding Evidence, Testimony and Argumentation in Trial.

Evidence which is not relevant is not admissible. Fed. R. Ev. 402. Even evidence that is

relevant "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by consideration of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Ev. 403. The rules further provide, "in jury cases, proceedings shall be conducted, to the extent practicable, so as to prevent inadmissible evidence from being suggested to the jury by any means, such as making statements or offers of proof or asking questions on the hearing of the jury." Fed. R. Ev. 103(d). Under the grant of broad authority to trial courts in Fed. R. Civ. P. 16 to conduct pretrial proceedings to enable effective management of the trial, evidentiary motions in limine are an appropriate means of preventing the impermissible suggestion of inadmissible evidence to the jury. See David F. Herr et al., Motion Practice § 18.04 (4th ed. and 2002 Supp.)

**B. A Legal standard for striking evidence, references and argumentation previously presented in trial.**

The standards for striking evidence, references and arguments presented in trial is similar to the standards for granting motions in limine. Intuitively, the same circumstances which require shielding the jury from irrelevant, confusing, or prejudicial evidence, references and arguments would also warrant remedial steps when the same slip by the parties' and court' attention. For example, in Security Mutual Cas. Co. v. Affiliated FM Ins., the court upheld the trial court's decision to strike portions of the defendant's evidence that was not relevant to the defendant's defense. 471 F.2d 238, 247 (8th Cir. 1972.) See also U.S. v. Roenigk, 810 F.2d 809, 815 (8th Cir. 1987) (observing that motions to strike prejudicial evidence must be made timely).

This Court, in determining whether to grant Plaintiffs' motion in limine for the aforementioned subjects, should also concurrently strike from the record all previous evidence,

references and arguments relating to the same excluded evidence.

**C. Any evidence, reference or argument relating to settlement offers by Defendants in this matter should be excluded, and any heretofore presented evidence, reference or argument regarding this subject should be stricken.**

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution.

Fed. R. Evid. 408.

In oral argument on July 12, 2005, Defendants argued that evidence and arguments regarding prior settlement offers would be relevant to the factual issue of whether the Defendants *willfully* and *intentionally* violated the FCRA. The analogy presented by Defendants' counsel was that if he accidentally knocked someone over on a sidewalk, the fact that he immediately stopped to help that person would provide proof that the accident was unintentional and mere negligence.

This is a false analogy cannot rationally be applied to the Defendants' actions. The Defendants did not immediately apologize or otherwise attempt to remedy their "mistake." Rather, Mr. Weintraut requested the Sathers' credit reports on May 5, 2000 (See Plaintiffs' Ex 9, 10) and then broadcast these reports to other individuals and entities on August 24, 2000. (See

Plaintiffs' Ex 20, 21, 22, 23.) However, the Defendant's settlement offer was not made until October 13, 2000 (See Defendants' Ex 26) – almost *two months* after the broadcast, and over *five months* after the initial impermissible obtainment.

Defendants assert that the settlement offer was really a bona fide attempt to quickly remedy their recognized mistake, and therefore should be admissible to prove that their FCRA violation was an accidental mistake. That this assertion is a disingenuous attempt to admit inadmissible evidences is underscored by the undisputed fact that the actual violations are separated by *several months* from Defendants' subsequent settlement offer. The obvious alterative explanation is simply that Defendants settlement offer was made only for the purpose of ending litigation.

More importantly, assuming arguendo that Defendants' settlement offer was really a bona fide act of contrition, this information is still nevertheless non-relevant as to whether the Defendants negligently or willfully violated the FCRA *several months prior* to the settlement offer (which was presented only subsequent to the bringing of this suit.) Defendants have not asserted any of the permissible purposes in Rule 408 apply in this case, therefore evidence relating to settlement negotiations "clearly ought not be presented to [the jury] because it would inadmissible for any purpose." Estate of Rick v. Stevens, No. C 00-4144-MWB, (N.D. Iowa 2002) (quoting Jonasson v. Lutheran Child and Family Services, 115 F.3d 436, 440 (7th Cir. 1997)(internal punctuation omitted.) Pursuant to Fed. R. Evid. 408, evidence, reference and argument relating to the settlement offer, particularly Defendants' Exhibit 26, should be excluded and stricken.

**D. Any evidence, reference or argument that non-lawyer personnel are**

**responsible for causing Defendants to violate the Fair Credit Reporting Act should be excluded, and any heretofore presented evidence, reference or argument regarding this subject should be stricken.**

During the trial on July 12, 2005 Defendants presented argument, references and evidence that attempted to assign responsibility for the alleged FCRA violations upon non-legal staff. Such evidence or argument is non-relevant. See e.g. Midwest Motor Sports v. Arctic Cat Sales, 347 F.3d 693, 698 (8th Cir. 2003) ("[A]n attorney is responsible for the misconduct of his non-lawyer employee or associate if the lawyer orders or ratifies the conduct.") See also Minn. R. Prof. Cond. 5.3(c).

> With respect to a nonlawyer employed or retained by or associated with a lawyer:
> . . .
> (c) A lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if:
> (1) the lawyer . . . ratifies the conduct involved.

In this case, Defendants do not dispute that Mr. Weintraut signed (i.e. ratified) the requests for Plaintiffs' credit reports (See Plaintiffs' Ex 9, 10) on May 5, 2000 prepared by Metro Legal Services, Inc. in order to obtain the Sathers' credit reports. Therefore, any actions taken by Mr. Weintraut's non-lawyer personnel were rendered non-relevant the moment Mr. Wientraut signed those requests. Any evidence, reference or argumentation thereof should be excluded and stricken pursuant to Fed. R. Ev. 402.

This argumentation and evidence to the contra presents a risk in prejudicing or confusing the jury, and would also be a waste of time. Therefore these arguments, references and evidence should also be properly excluded and stricken pursuant to Fed. R. Evid. 403.

## CONCLUSION

The trial court has narrowed the factual issues to those surrounding the conduct of the Defendants in the obtainment and use of Plaintiffs' credit reports. Whether Defendants made a settlement offer to Plaintiffs or delegated some functions to non-lawyer staff has no bearing on the conduct complained of in this lawsuit. The damage issue is strictly statutory and governed by 15 U.S.C. § 1681n. The evidence, references and arguments sought to be excluded by this motion have nothing to do with the conduct of the defendants or the Plaintiffs' rights to damages under the FCRA. Therefore the evidence and witnesses for reasons set forth above are just simply not relevant or probative of any remaining factual issue in this case.

Dated this 13th day of July, 2005.

By: s/Thomas J. Lyons, Jr.
**THOMAS LYONS & ASSOCIATES P.A.**
Thomas J. Lyons
Attorney I.D. #: 65699
342 East County Road D
Little Canada, Minnesota 55117
Telephone: 651-770-9707

**CONSUMER JUSTICE CENTER, P.A.**
Thomas J. Lyons, Jr.
Attorney I.D. #: 0249646
342 East County Road D
Little Canada, Minnesota 55115
Telephone: 651-770-9707

ATTORNEYS FOR PLAINTIFFS