**COURT'S INSTRUCTIONS TO THE JURY 01CV1370 (JNE/JGL)**
**INSTRUCTION NO. 1**

Now that you have heard the evidence and arguments, it is my duty to instruct you about the applicable law. It is your duty to follow the law as I will state it and to apply it to the facts as you find them from the evidence in the case. Do not single out one instruction as stating the law, but consider the instructions as a whole. You are not to be concerned about the wisdom of any rule of law stated by me. You must follow and apply the law.

The lawyers have properly referred to some of the governing rules of law in their arguments. If there is any difference between the law stated by the lawyers and as stated in these instructions, you are governed by my instructions.

Nothing I say in these instructions indicates that I have any opinion about the facts. You, not I, have the duty to determine the facts.

You must perform your duties as jurors without bias or prejudice as to any party. The law does not permit you to be controlled by sympathy, prejudice, or public opinion. All parties expect that you will carefully and impartially consider all the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## INSTRUCTION NO. 2

Unless you are otherwise instructed, the evidence in the case consists of the sworn testimony of the witnesses regardless of who called the witness, all exhibits received in evidence regardless of who may have produced them, and all facts and events that may have been admitted or stipulated to.

Statements and arguments by the lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence.

Any evidence to which I have sustained an objection and evidence that I have ordered stricken must be entirely disregarded.

**INSTRUCTION NO. 3**

If a lawyer asks a witness a question that contains an assertion of fact, you may not consider the assertion as evidence of that fact. The lawyer's questions and statements are not evidence.

**INSTRUCTION NO. 4**

The law does not require any party to call as witnesses all persons who may have been present at any time or place involved in the case, or who may appear to have some knowledge of the matters in issue at this trial. Nor does the law require any party to produce as exhibits all papers and things mentioned in the evidence in the case.

**INSTRUCTION NO. 5**

A corporation may act only through natural persons as its agents or employees. In general, any agent or employee of a corporation may bind the corporation by his/her acts and declarations made while acting within the scope of the authority delegated to him/her by the corporation or within the scope of his/her duties as employee of the corporation.

**INSTRUCTION NO. 6**

You are the sole judges of the credibility of the witnesses and the weight their testimony deserves. You may be guided by the appearance and conduct of the witness, or by the manner in which the witness testifies, or by the character of the testimony given, or by evidence contrary to the testimony.

You should carefully examine all the testimony given, the circumstances under which each witness has testified, and every matter in evidence tending to show whether a witness is worthy of belief. Consider each witness' intelligence, motive and state of mind, and demeanor or manner while testifying.

Consider the witness' ability to observe the matters as to which the witness has testified, and whether the witness impresses you as having an accurate recollection of these matters. Also, consider any relation each witness may have with either side of the case, the manner in which each witness might be affected by the verdict, and the extent to which the testimony of each witness is either supported or contradicted by other evidence in the case.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses may or may not cause you to discredit such testimony. Two or more persons seeing an event may see or hear it differently.

In weighing the effect of a discrepancy, always consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from innocent error or intentional falsehood.

After making your own judgment, you will give the testimony of each witness such weight, if any, that you may think it deserves. In short, you may accept or reject the testimony of any witness, in whole or in part.

**INSTRUCTION NO. 7**

The Plaintiffs, Steven and Kathleen Sather, have the burden in a civil action, such as this, to prove every essential element of their claim by a preponderance of the evidence. If the Plaintiffs should fail to establish any essential element of their claim by a preponderance of the evidence, you should find for the Defendants as to that claim.

"Establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true. This standard does not require proof to an absolute certainty, since proof to an absolute certainty is seldom possible in any case.

In determining whether any fact in issue has been proved by a preponderance of the evidence you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard that applies in criminal cases. It does not apply in civil cases such as this. You should, therefore, put it out of your minds.

**INSTRUCTION NO. 8**

When I instruct you that a party has the burden of proof on any proposition, or use the expression "if you find," or "if you decide," I mean that you must be persuaded, considering all the evidence in the case that the proposition is more probably true than not.

**INSTRUCTION NO. 9**

The Fair Credit Reporting Act prohibits a person from obtaining or using a consumer report without a permissible purpose. Plaintiffs have the burden to prove by a preponderance of evidence that either or both of the Defendants obtained and/or used Plaintiffs' credit reports without a permissible purpose.

**INSTRUCTION NO. 10**

The Fair Credit Reporting Act also imposes liability for willful noncompliance with any requirement imposed under the Act. The term "willful" does not mean done with malice or evil motive, but does require that an act be done knowingly and intentionally, and with the specific intent to either disobey or disregard the law.

An act is “knowingly” done, if done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

**INSTRUCTION NO. 11**

As I have instructed you, the Fair Credit Reporting Act imposes liability where there is a "willful" violation, and that "willful" acts are those done with knowledge and intent. Therefore, you will have to decide whether Mr. Weintraut violated the FCRA and, if so, whether he did so knowingly and with intent. In doing so, you may only consider what he actually knew and intended. You may *not* consider what other employees of Siegel, Brill, Greupner, Duffy & Foster, P.A. may have known about the Fair Credit Reporting Act at the time of the events.

Similarly, you may not, when considering Siegel, Brill, Greupner, Duffy & Foster, P.A.'s liability, consider what its employees may have known about the FCRA at the time of these events *unless* you conclude that the evidence shows that those employees *actually* participated in committing a violation of the FCRA.

## INSTRUCTION NO. 12

The Fair Credit Reporting Act provides:

Any obtainer or user of information who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—

(1) (A) . . . damages of not less than $100 and not more than $1,000; or

(B) in the case of a natural person for obtaining a consumer report under false pretenses or knowingly without a permissible purpose . . .$1,000;

(2) such amount of punitive damages as the court may allow.

**INSTRUCTION NO. 13**

For purposes of the Fair Credit Reporting Act, to act with “false pretenses” means the failure to disclose the lack of a permissible purpose. To incur liability for obtaining a report under false pretenses, a party must act knowingly and willfully.

**INSTRUCTION NO. 14**

If you find from a preponderance of the evidence that the acts or omissions of either or both of the Defendants were willfully done, then you may award punitive damages in your discretion for the purpose of making an example of and punishing either or both of the Defendants for the wrong done and to serve as an example to others not to engage in such conduct. Whether or not to make any award of punitive damages is a matter exclusively within your authority and any such amount shall be unanimously agreed upon.

If you choose to award punitive damages against a defendant under the FCRA, you may consider the following factors in assessing the award:

a) The remedial purpose of the FCRA;

b) The harm(s) to consumer intended to be avoided or corrected by the FCRA; and

c) The manner in which the Defendant conducted itself.

**INSTRUCTION NO. 15**

You may use the notes you took during the trial. However, the notes should not be substituted for your memory. Remember, notes are not evidence. If your memory should differ from your notes, then you should rely on your memory and not on your notes.

**INSTRUCTION NO. 16**

You must follow the following rules while deliberating and returning your verdict:

First, when you go to the jury room, you must select a foreperson. The foreperson will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another and try to reach agreement.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with the other jurors, and listened to the views of the other jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not make a decision simply because other jurors think it is right, or simply to reach a verdict. Remember at all times that you are judges of the facts. Your sole interest is to seek the truth from the evidence in the case.

Third, if you need to communicate with me during your deliberations, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone--including me--how your votes stand numerically.

Fourth, your verdict must be based solely on the evidence and on the law that I have given to you in my instructions. The verdict must be unanimous. Nothing I have said or done is intended to suggest what your verdict should be--that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. [*The form reads: [quote]*]. You will take this form to the jury room, and when each of you has agreed on the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.